Alfred L. Miller et al., appellants,

*v.*

John A. Willett et al., respondents.

[Submitted July 10th, 1906. Decided March 4th, 1907.]

Equity will not retain a bill to enforce the liability of a number of defendants as stockholders in a corporation, on the ground that such retention would prevent a multiplicity of actions at law, where it appears that each of the complainants has a separate and independent claim against the several defendants, the adjudication of the validity of one of which would settle nothing with relation to the other.

---

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Grey, whose opinion is reported in *70 N. J. Eq. 396.*

Mr. *Raylon E. Horton* and Mr. *Eugene Emley* (with *Tolles & Cobbey,* of Denver, Colorado, on the brief), for the appellants.

Mr. *William I. Lewis,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill of complaint in this cause was filed by the creditors of the bank of Monte Vista, a corporation organized under the laws of the State of Colorado, against certain of the stockholders of that corporation, who reside in this state, to enforce against them a liability imposed by the following provision of the statute of Colorado:

"Stockholders in banks, savings banks, trust, deposit and security associations, shall be held individually responsible for debts, contracts and engagements of such associations, in double the amount of the par value of the stock owned by them respectively."

The prayer of the bill is that the several defendants may be decreed to pay to each of the complainants certain specified sums of money, the sums specified being double the par value of the stock owned by them respectively. Demurrers having been filed by the several defendants, and argument having been heard thereon, it was ordered that the demurrers do stand. Complainants appeal from this order.

The only ground upon which it is contended before us the bill should have been retained is that the court of chancery should have assumed jurisdiction for the purpose of preventing a multiplicity of suits at law. This ground was urged before and considered by the learned vice-chancellor, and declared by him to be without merit, for reasons stated in the opinion which he filed in the court below. We concur in his conclusion, and in the reasons which led him to it. From the allegations of the bill it appears that each one of these complainants (several hundred in number) has a separate and independent claim against the several defendants. The adjudication of the validity of one of them will settle nothing with relation to the others. Each one stands upon its own merits, and against each of them the defendants are entitled to make a separate defence. There must be something more than the mere fact that two or more parties are jointly and severally indebted to a large number of creditors, whose claims are entirely independent of each other, to justify

a court of equity in assuming jurisdiction to try and determine rights which are purely legal in their character.

The order appealed from must be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—14.

*For reversal*—PITNEY—1.