RICHARD G. STEVENSON, complainant, respondent,

*v.*

PAUL H. MARKLEY et al., executors, defendants, appellants.

[Argued December 2d, 1907. Decided March 2d, 1908.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Garrison, whose opinion is reported in *72 N. J. Eq. (2 Buch.) 686.*

Mr. *Herbert A. Drake* and Mr. *Howard M. Cooper,* for the appellants.

Mr. *Francis D. Weaver,* for the respondent.

PER CURIAM.

We agree with the vice-chancellor that the statute of limitations does not bar the relief sought and that the facts set forth in the amended bill *prima facie* excuse the seeming laches of the complainant. These conclusions are well vindicated by his opinion. It was unnecessary to hold that the case was not one properly cognizable by the orphans court. We prefer to express no opinion on this point, in view of the provisions of section 118 of the Orphans Court act (*P. L. 1898 p. 758*), authorizing an executor or administrator of a deceased guardian to account in that court, and of section 116 authorizing a citation at the instance of any person interested in the estate.

The vice-chancellor assumed that the act concerning the action of account (*Gen. Stat. p. 5*) applied to a general guardian appointed by the orphans court. In this court the stress of the appellant's argument rested upon that assumption. Its correctness is doubtful. In terms the act only authorizes such action against the executors or administrators of a guardian. It does not purport to extend the right of action against guardians themselves which at common law was limited to guardians in socage; the sole object of the statute seems to have been to extend the right of action already existing against guardians in socage to their executors and administrators; it is a copy of the statute of *4 Anne c. 16 § 27*. It seems hardly likely that the legislature could have meant the act to apply to guardians authorized by the statute originally passed December 16th, 1784. *Pat. L. 59.* That act gave the orphans court thereby created full power and authority to hear and determine all disputes and controversies whatever respecting the allowance of the accounts of guardians—a provision quite inconsistent with the argument on the part of the appellant that an action of account lay against such guardians. The action of account was then already falling into disuse.

The order appealed from should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL—13.

*For reversal*—None.