HARRY D. GIHON et ux., respondents,

*v.*

JAMES H. MORRIS et al., appellants.

[Argued November 26th, 1918. Decided March 3d, 1919.]

1. A vendor conveyed land with full covenants for title. The vendees took and retain possession; after some years they filed a bill to rescind for an alleged defect in title; there was no fraud.—*Held,* that the vendee cannot rescind and recover the purchase-money, but must be content with his rights under the covenants for title.

2. The court of chancery was called on to determine merely the validity of a legal title, and to declare it bad before an actual eviction and before it can be known whether there can ever be an actual eviction, and in a case where actual events may at any moment make the title good.—*Held*, that the court is without jurisdiction in the absence of fraud:

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes and reported *ante p. 65.*

*Mr. Martin P. Devlin (Mr. John H. Kafes* on the brief), for the respondents.

*Mr. Frederick W. Gnichtel,* for the appellants.

The opinion of the court was delivered by

SWAYZE, J.

On September 26th, 1908, James H. Morris conveyed to Harry D. Gihon and his wife a tract of land in Trenton. The deed contained covenants of seisin, power to convey, quiet enjoyment, against encumbrances and of warranty. The grantees took possession and have held it ever since. The title came through the will of Donoghue, who had devised the land to his wife for life and, after her death to their five children. His will provided that if either of the children be deceased at his wife's death, and leaving lawful issue, the survivors should take the whole estate. The widow and three of the children are living. They conveyed the property in 1906 to one of the defendants with the usual covenants. On July 12th, 1917, the present bill was filed to rescind the deed of the defendant James H. Morris to the complainants and to recover back the money paid on the ground that the title was defective and that the defendants had at the time of the conveyance represented that the title was all right and that an examination by counsel was unnecessary. The vice-chancellor found that there was no fraud; and this finding was clearly correct. The case is the ordinary one of a grantor believing that he had a good title, when in fact his title was defective, and giving the vendee full covenants for

title. The vice-chancellor, however, thought that there was a mistake and decreed in favor of the complainants. He relied on *Eibel* v. *Von Fell*, 55 N. J. Eq. 670; *Dubois* v. *Nugent*, 69 N. J. Eq. 649; *Strauss* v. *Norris*, 77 N. J. Eq. 33. But none of these authorities are applicable to a case where both the vendor, by giving covenants for title, and the vendee, by accepting them, recognize that the title may be defective and that it is the duty of the vendor to make it good. It follows as a corollary that the vendee must be content with his rights under the covenants for title and cannot rescind and recover the purchase-money. It must be assumed, until the contrary appears, that the vendor will make good his covenants and thus fully perform the contract on his part, if the title eventually proves defective. Moreover, before there can be a rescission for mistake, it must appear that the vendee relied on the representations of the vendor as to title instead of on the covenants, and this can seldom be, since the very object of the covenants is the protection of the vendee; it is generally, as in this case, the covenants on which he relies, not the prior parol statements, which are, so to speak, merged in the covenants. The law has long been settled in this court. *Waddell* v. *Beech*, 9 N. J. Eq. 793. The opinion cites the earlier New York cases decided by Chancellor Kent. *Waddell* v. *Beech* arose on a cross-bill in a foreclosure suit, and there was, therefore, no question of the jurisdiction of equity. In the present case the court of chancery is called on to determine merely the validity of a legal title and to declare it bad before an actual eviction and before it can be known whether there can ever be an actual eviction. Actual events may at any moment make the title good. The court of chancery has no jurisdiction in such a case in the absence of fraud.

The bill must be dismissed, with costs.

*For affirmance*—PARKER, TAYLOR—2.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—11.