WILLIAM GIERTH, complainant-respondent,

*v.*

FIDELITY TRUST COMPANY et al., defendants-appellants.

[Argued June 23d, 1921.   Decided November 14th, 1921.]

1. Complainant had a large deposit in a trust company of which he lost all recollection resulting from a mental condition caused by illness, and an officer, or head of a department of the trust company having charge of depositor's accounts, knowing of complainant's abnormal mental condition, and concealing his relation to the trust company, induced complainant to contract to, and pay him a large part of the deposit, nearly one-half, to reveal its location. When the depositor learned the facts he filed a bill in equity to compel the party to restore the fund.—*Held*, that under the circumstances the defendant had by superior knowledge and artful silence obtained an unfair advantage over the complainant whose mentality was, to the knowledge of the defendant, abnormal, and that defendant's acts were constructively fraudulent; that equity has power to give affirmative relief from such an exorbitant and unconscionable bargain, and compel restitution.

2. Under recent statutes and rules governing the court of chancery, multifariousness, as an objection to a pleading, has been substantially done away with.

On appeal from an order of the court of chancery.

*Mr. William A. Brooks* and *Messrs. Pomerehne & Laible,* for the complainant-respondent.

*Messrs. Lum, Tamblyn & Colyer,* for the defendants-appellants.

The opinion of the court was delivered by

BERGEN, J.

This is an appeal from an order made by the chancellor refusing to dismiss the complainant's bill of complaint, and the only matters argued are that the bill does not disclose sufficient facts to sustain it, and that it is multifarious. The bill avers that complainant had deposited to his credit with a trust company, in 1912, $22,505, which remained in that condition until 1916, when complainant was stricken with an illness which caused a total loss of memory of this deposit; that in 1920 Ralph M. Kutz represented to the complainant that he had knowledge that the latter had over $25,000 on deposit in a certain financial institution and offered to reveal that knowledge if he would agree to pay him $10,199.53, and that such a bargain was made, whereupon Kutz induced the complainant to draw three checks on the Fidelity Trust Company of Newark, New Jersey, against this deposit for the sum agreed on, and pass them over to Kutz, who collected the money and deposited $8,000 of it to the order of Edith K. Ryan, a relative of his, with a banking or brokerage company doing business as C. I. Hudson & Company; that Kutz concealed from the complainant the fact that he was in the service of the Fidelity Trust Company as chief accountant in charge of the accounts of depositors, and that when complainant discovered this, within three days after making the contract with Kutz, he went to the Fidelity Trust Company and informed it of

what had happened and thereafter the trust company refused to honor any further checks drawn by complainant, who then filed his bill of complaint making the trust company, C. I. Hudson & Company, Kutz and Edith K. Ryan parties, praying that an account be taken of the amount due from each of the defendants to him, and that it be decreed that the moneys which complainant alleges were illegally taken and withheld from him be restored. A motion was made on behalf of Kutz and Edith K. Ryan to dismiss the bill of complaint, which was denied, from which action of the court Kutz and Edith K. Ryan have appealed. In dealing with this motion we must treat it as a demurrer, and if the facts averred state an equitable case for relief against appellants, the order of the chancellor should be affirmed.

The inferences to be drawn from the facts charged are that when the complainant made this agreement and paid the money his mind was in an abnormal condition, which is to be inferred from the fact that he had absolutely, because of his illness, lost all memory of so large a deposit in a financial institution located in the city where he lived, without any reason other than his illness; that Kutz was either an officer or the head of a department in the Fidelity Trust Company which gave him knowledge of the deposit, and also that he knew of the complainant's illness and loss of memory, otherwise he could not have accomplished his scheme to secure nearly one-half of the deposit; that he concealed from the complainant all knowledge of his connection with the financial institution where the money was lodged, and declined to reveal it until the complainant had agreed to pay him nearly one-half of the amount on deposit. It is not pretended that the trust company would have had any right to make any such bargain, and the only question remaining is whether one of its officers who obtained such knowledge because of his confidential relations with the trust company, and the account of this depositor, can avail himself of the bargain which he made with the depositor. That such conduct by a bank official holding a semi-confidential position to a depositor is contrary to fair dealing and good morals cannot be doubted. If the conduct of Kutz was not an actual fraud it is certainly, what is denominated, a constructive fraud.

That learned jurist, Chief-Justice Beasley, said, in *Erie Railroad Co.* v. *Delaware and Western and Morris and Essex Railroad Co., 21 N. J. Eq. 283,* that equity "will never lend its active aid to a party who, by superior knowledge and artful silence, has gained an unfair advantage over another. Such triumphs are deemed unconscionable and are opposed to the general principles of law." That the defendant Kutz, by superior knowledge and artful silence, gained an unfair advantage over the complainant cannot be rightfully disputed. Occupying the position he did in relation to the complainant's account with the Fidelity Trust Company, if he had been upright in his dealings with complainant, he would have informed the customer of the situation and not have taken advantage of his superior knowledge and of the abnormal condition of complainant's mentality, due to his illness, which must have been known to Kutz when he induced the complainant to make this exorbitant and unconscionable bargain. Such conduct justifies the implication of fraud and authorizes a court of conscience to set it aside. *Hyer* v. *Little, 20 N. J. Eq. 443, 460.* Fraud in equity includes all willful or intentional acts or concealments by which an undue or unconscionable advantage over another is obtained. *Pom. Eq. Jur.* § 873. Under the facts stated in the bill the conduct of the defendant Kutz was a fraud on the complainant, for, if he told him the facts, namely, that he was the officer of the trust company in charge of the complainant's account, and that he knew as such officer that the complainant had that amount of money to his credit with the trust company which he had forgotten, it is not to be supposed that the complainant would have made any such unconscionable agreement. That equity has power to give affirmative relief in a proper case in order to satisfy its conscience and effectuate justice cannot be doubted when necessary to accomplish that result, provided the court has jurisdiction of the parties and the subject-matter. So far as Edith K. Ryan is concerned, she is a mere trustee for Kutz, and was used by him as a means of secreting the money, or to render it more difficult for the complainant to follow it, and she has no greater rights than he has.

In answer to the objection that the bill is multifarious, it is only necessary to say that the claim set up is against the fund

originally in the hands of the trust company, part of which is yet in its hands and part in the hands of the other defendants, and all of the holders of said fund may be made parties under the statutory rule of the court of chancery adopted in 1915 (*P. L. 1915 p. 187*), which provides:

"Any person may be made a defendant who either jointly, severally or in the alternative is alleged to have or claim any interest in a controversy, or in any part thereof, adverse to the complainant; or who it is necessary or proper to make a party for the complete determination or settlement of any question involved therein."

This rule applies to the present controversy, and, therefore, the objection referred to has nothing to rest on. In fact, it is hardly to be doubted that under the statute and rules now governing the court of chancery the old-time objection of multifariousness has been substantially done away with.

The order appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEP-PENHEIMER, WILLIAMS, VAN BUSKIRK—12.

*For reversal*—None.