The defendant Scherer contracted to sell to complainants and later he conveyed to them, with full covenants, the house and lot No. 178 Park avenue, Madison. The bill is to set aside the transaction and a decree to cancel a purchase-money mortgage and for the recovery of the purchase price, on the ground that the defendant had no title to the property and because the complainants were induced to buy through false representations.
The lot is one of a plot or subdivision known as "Oak Knoll," promoted by the Madison Homes Company, of which the defendant Scherer is president. He purchased a number of lots from the company and built dwellings on them. One he sold to the Robertsons and another, adjacent, to the *Page 95 
complainants. Each moved into the house they bought. By mistake the Robertsons' deed described the lot which was later sold and conveyed to the complainants. The error was discovered by the tax office when the complainants' deed was enrolled for assessment. The complainants and the Robertsons, neighbors, heard of the mixup and knew, as everyone else did, that it was a scrivenor's blunder, which the defendant undertook to straighten out, but the Robertsons had other grievances and refused to assist. The complainants waited three months and then wrote rescinding the deal and two months later commenced this suit. In the meantime Scherer was put to his bill in this court against the Robertsons to reform the description in their deed so that it would convey the house they bought and a decree would have gone to him but for the relief granted to the Robertsons. The deed was set aside in that suit. Scherer v. Robertson, 105 N.J. Eq. 65.
The complainants are not entitled to a rescission. The defendant at the time of sale was in truth the owner of the house and lot and that ownership passed to the complainants by their purchase. The outstanding legal title of record in the Robertsons was purely accidental and they made no claim to it. An honest regard for the complainants' proprietary rights, whatever may have been the Robertsons' prejudices against the defendants, should have moved them to a prompt surrender and correction of the error, an error so palpable that complainants' relief was at hand for the asking by bill to remove the cloud from the title. The predicament in which the complainants thus found themselves was not the result of fraud and is not to be confused with cases for rescission where one conveys land of which he is not in fact the owner and fraud is presumed from the false conveyance, but is to be likened to the class where ownership is not in dispute but the title is befogged by unfounded liens or instruments of record, and where, as here, the outstanding legal title does not predicate an adverse claim to ownership but is the sheerest cloud readily dissipated by simple judicial procedure. In such cases, in the absence of fraud or circumstances *Page 96 
amounting to fraud, the grantee is remitted to his covenants for redress. Gihon v. Morris, 90 N.J. Eq. 230.
A rescission would not be justified on the theory that the contract remains unexecuted and that the complainants had the right to withdraw from it because the defendants' title was not free from embarrassment, as in suits for specific performance. The deed is not a nullity — not in equity. The contract was performed in all its essential features by the payment of the purchase price and the taking of possession by the complainants. Though equitable relief in specific performance is in sound legal discretion, were this such a case performance would be ordered if the title be clear at the decree. Rescission and cancellation rests in legal right. The complainants have suffered no irreparable injury awaiting the defendants' suit against the Robertsons to clear the title, now achieved. They fully understood that the Robertsons had but an empty paper title and that their ownership was not in question, and for a while (three months) were content and acquiesced in the defendants' efforts, and were it not for the supposed grievances presently to be considered, which they added to the bill presumably "to make it stronger," it is fair to assume that they would have been counseled to further patience, to which they were committed, until the defendant could vindicate his covenants.
It is stressed as an element of fraud that the defendant represented the title to be trustworthy, that it had been recently examined by a responsible title company and that there was no need for further or independent search, and further, that the error in the Robertson deed would have been discovered had not the complainants submitted to the defendants' inductment to retain, as they did, the defendants' lawyer to look after their interests. The defendants' representations were true and the title is impeccable save for the mishap in the description of the Robertsons' deed. Counsel served them with fidelity and, with a single lapse, efficiently. Both acted in good faith, though mistakenly.
The fraudulent representations set up that there were few Italians in Madison and none in the neighborhood of the *Page 97 
property and but few in the school where the complainants' children would attend; that the house had a dry cellar, water tight; and that the house structure in some details was not as represented, were all discovered by the complainants to be untrue, if they were untrue, within a few days or weeks after the purchase, and thereafter they continued in the occupancy of the house, paid the cash balance of the purchase price and took their deed and then being disappointed in their purchase put the property on the market for sale and withdrew it only when they learned they could not make title. Relief on the ground of misrepresentation must be denied and the complainants held to have elected to confirm the contract and that they are bound by their ratification. Faulkner v. Wassmer, 77 N.J. Eq. 537.
The complainants also ask relief because the property was encumbered by restrictions contained in a deed (Binsse deed) in the chain of title. The complainants took the property subject to all restrictions of record. It is so noted in their contract and deed and in the absence of misrepresentations they are charged with notice.
Bill will be dismissed.