The motion is based on two grounds, the first being, in effect, that the complainants are in laches because they waited nearly two years after executing their bond and discovering the defendants' alleged fraud before seeking the relief they now pray. Laches involves something more than mere delay. There must be delay for a length of time which unexplained and unexcused is unreasonable under the circumstances and which has been prejudicial to the defendants (Massie v. Asbestos Brake Co.,95 N.J. Eq. 298, 311), and the complainants should be given the opportunity to prove the facts on final hearing, including their reason or excuse for delay, after which the court may determine what the *Page 460 
truth is respecting their alleged cause of action and whether their delay has prejudiced the defendants or barred the complainants from relief. Le Gendre v. Byrnes, 44 N.J. Eq. 372,378; Stevenson v. Markley, 72 N.J. Eq. 686, 689.
The second ground is that the complainants have an adequate remedy at law. It may be and probably is true that the allegations of fraud and misrepresentation in the bill contained would, if established, constitute a valid and complete defense to the defendants' suit at law on complainants' bond, for it is alleged that the representations which induced the complainants to execute the bond, were false to the knowledge of the defendants and were made by the defendants, or with their connivance, with intent to deceive the complainants. But such defense at law falls short of giving the complainants the full remedy for which they pray here. Besides praying that the defendants be restrained in their suit at law, the complainants pray that the defendants be also restrained from bringing any proceedings on the bond in any court and that they be decreed to surrender said bond to the complainants for cancellation. Since the defense of fraud at law does not embrace the entire equitable relief which the complainants seek in this cause, the complainants cannot be said to have a full and adequate remedy at law. Sweeny v. Williams, 36 N.J. Eq. 627, 629.
The motion will be denied, with costs.