Metropolitan Life Insurance Company, complainant,

v.

N. & R. Building Company et al., defendants.

[Decided April 14th, 1932.]

*Mr. Francis J. Smith,* for the defendant Lillian V. Mattern.

*Mr. Lawrence V. White,* for the complainant.

Leaming, V. C.

The motion which has been filed herein against the bill of complaint is based upon the claim that the four separate causes of action set forth in the bill may not be joined. The motion is essentially equivalent to a demurrer for misjoinder, or multifariousness, under our former practice.

The bill discloses that on October 21st, 1927, defendant N. & R. Building Company executed four separate mortgages

to Market Street Title and Trust Company, each for $6,000. Each mortgage was on a separate lot in Collingswood, Camden county, and each mortgage was to secure a separate mortgage bond of the mortgagor. These four bonds and mortgages were subsequently (November 18th, 1927) assigned to complainant. The bill seeks to foreclose these four mortgages in one suit. While these mortgages were to secure an aggregate indebtedness of $24,000 from the mortgagor to the mortgagee, the bill does not specifically aver that either of the mortgages had any special relation to either of the others, although the four mortgaged lots are in the same vicinity. The bill is framed with four separate causes of action, each cause of action relating to one of the mortgages and containing the necessary averments for its foreclosure; these averments embrace subsequent encumbrances, whose owners are made defendants to the bill. In each instance the only encumbrance is a mortgage made on the same day as complainant's mortgage (October 21st, 1927), but subject to complainant's mortgage; in the second, third and fourth causes of action, respectively, the junior mortgage is held by defendant South Camden Trust Company, who has made no objection to the bill; in the first cause of action the junior mortgage is held by defendant Lillian F. Mattern, who has made the motion now under consideration.

It is possible, though by no means certain, that the objections to the bill now made by defendant Mattern might have been sustained under the rules of equity pleading as recognized prior to their modifications adopted in the year 1915. By reference to *1 Dan. Ch. Pr. \*334, 336*, it will be observed that the English rule resolved all such questions on the basis of convenience in the particular case, rather than as a matter of right of defendants, and the decisions in this state prior to the new rules appear to have been to the same effect. Thus in *Lehigh Valley Railroad Co.* v. *McFarlan, 31 N. J. Eq. 730* (at *p. 758*), the rule is defined by our court of errors and appeals as follows: "The rule with regard to multifariousness, whether arising from the misjoinder of causes of action, or of defendants therein, is not an inflexible rule

318

of practice or procedure but is a rule founded in general convenience, which rests upon a consideration of what will best promote the administration of justice without multiplying unnecessary litigation on one hand, or drawing suitors into needless and unnecessary expense on the other."

In 1915 (*P. L. 1915 p. 184*) our legislature, by a supplement to the Chancery act, adopted a series of rules of practice, which were subsequently approved by the chancellor and promulgated by him July 4th, 1915. In entire harmony with the general spirit embodied in the above quotation from the opinion of our appellate court, these rules were avowedly designed to liberalize the practice in the interest of convenience and justice. Thus by section 4 of schedule A of the act, and by rule 4 adopted by the chancellor, it was provided: "These rules shall be considered as general rules for the government of the court and the conduct of causes, and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work surprise or injustice."

In sections 6 to 29 of schedule A of the statute (embodied in the promulgated chancery rules as rules 5 to 28) liberal privileges are accorded as to joinder of parties and causes of action, concluding with rule 28 of the statute (27 of the court rules) as follows: "The court may order a separate hearing of, or may strike out, any cause of action which cannot be conveniently heard with other causes of action joined in the same suit."

The marked flexibility and broad and liberal scope of these rules, as well as their expressed design to conserve convenience and justice, appear to fully meet the very situation here presented, and, accordingly, impose upon the court the discretionary duty to determine whether in the special circumstances of this case these four causes of action shall stand and be heard together, or, if subsequently it be found that either should be heard separately, to so determine when that circumstance is made to appear, and then hear such cause separately or strike it out.

It is not here intended to countenance the notion that separate mortgages apparently having no possible relation and not arising out of the same transaction or series of transactions and in which different defendants are interested may be foreclosed in one suit. Here the four mortgages sought to be foreclosed appear to have been executed at one time by the same mortgagor to the same mortgagee; the four second mortgages appear to have been executed at the same time subject to the lien of the first mortgages; three of these second mortgages are now held by one defendant, the fourth by another who makes the present objection to the bill. The issues thus tendered are simple and so far as presently appears conveniently and advantageously can be heard together and without the slightest burden to any defendant, and as determined by our appellate court in *Collins* v. *Leary, 74 N. J. Eq. 852,* in affirming the opinion of Vice-Chancellor Howell, reported in *71 Atl. Rep. 603,* the decree easily can be framed to meet the rights of all parties.

The motion to strike will be denied.