The motion to strike the bill of complaint is denied for the reasons stated in my opinion filed in The Prudential InsuranceCompany of America v. Merritt-Chapman Scott Corp., 111 N.J. Eq. 166.
There is, in the instant case, one additional ground urged for striking the bill — that it is premature and in violation of section 65 of the Orphans Court act (3 Comp. Stat. p. 3832), which provides that no action either at law or in equity, except for funeral expenses, shall be brought or maintained against executors or administrators of the estate of any decedent within six months from the time letters testamentary or of administration have been issued, except by special leave of the court. I do not consider that that statute *Page 175 
has any application to the present controversy. The purpose of the statute is expressed to be "to enable executors or administrators to examine into the condition of the estate and estimate the amount and value thereof and the debts to be paid out of the same." It is designed to give the executors an opportunity to marshal the assets of the estate and to determine their adequacy to meet its obligations, and to grant immunity from suits to enforce the payment of debts during that period. That it does not grant absolute immunity see United SecurityLife Insurance and Trust Co. v. Vandegrift's Adm'r, 51 N.J. Eq. 400; Ayres v. Shepherd, 64 N.J. Eq. 166. But even if the statute had any application it is not insurmountable, as leave of court may now be granted nunc pro tunc, if necessary, as was done in Jaburg v. Kirschenbaum, 90 N.J. Eq. 510. This statute is unavailing to defendant as a ground for its motion. *Page 176