The bill tells a simple story, split up into three parts, captioned "first," "second" and "third" causes of action. *Page 423 
The Chancellor Development Corporation owned a tract of land known as Weequahic Heights in the town of Irvington, which it divided into streets and lots, plotted on a map which the town officials accepted as a dedication of the streets to public use. Later, September 21st, 1926, the town ordained, vacating one of the streets and restored it to the plot as lots. The corporation contracted to sell to the complainant five of the lots formerly the street, and, in fulfillment, conveyed them to Louis Goldfarb, who, by general warranty deed, conveyed to the complainant, November 10th, 1926, subject to a $4,250 mortgage, which he assumed, and street assessments due Irvington. The ordinance vacating the street was defectively published, a line was left out which, it is alleged, invalidated the entire ordinance. Another and admittedly valid vacation was ordained March 31st, 1931, and properly published.
The grievance is that purchasers of lots, purchased before the vacation of the street in 1931, acquired an easement in the street and their rights, which remain unaffected by the vacation, is a cloud on the title of complainant's lots, rendering them unmarketable.
The cause for action is that the corporation (owned and officered by Louis and Samuel Goldfarb, and who are now its trustees, the corporation having suffered an involuntary dissolution for non-payment of the state franchise tax) and Louis and Samuel Goldfarb knew of the cloud on the title of the lots and, knowing, represented that they were encumbered only by the $4,250 mortgage and street assessments due the town of Irvington. That the corporation, Louis and Samuel, conspired an escape of liability for the corporation and Samuel by conveying the lots to Louis, to be by him conveyed to the complainant (the nature of the liability is not disclosed, but we surmise it to be the responsibility for Louis' general warranty). That the complainant discovered the defect in the title in November, 1931, and that he has since diligently negotiated with the corporation, Louis and Samuel, and though they have promised to remove the cloud or pay the cost of removing it, have failed in their promise. *Page 424 
The prayers are that the defendants be compelled to cure the title or pay the cost, or that the transaction be rescinded for fraud and the purchase price restored.
The motion is to strike the bill for want of a showing of an equitable cause for action.
The frame of the bill is open to the criticism, that it presents a single cause of action against the three defendants, the corporation and the two Goldfarbs; it should have been cast as a single complaint. Rule 59, providing for pleading separate causes of action, relates to independent causes of action. It is intended to prevent the confusion of independent causes in a single pleading as well as to avoid a multiplicity of suits, in accommodation to other rules permitting joinder of common causes or of parties having common interests.
Allowing for present day looseness in pleading and pleader's license with substitution of assumptions and conclusions for statements of facts, there can be spelled out that the complainant's lots had been a dedicated highway in a subdivision, plotted, and sold in lots before the highway was vacated by the town in 1931; that purchasers of lots acquired a way in common over the highway, growing out of the neighborhood scheme — an encumbrance — (Pound v. Pleister, 106 N.J. Eq. 101; affirmed,107 N.J. Eq. 577) and that the defendants, knowing of these outstanding encumbrances, represented that the lots were not encumbered other than by the mortgage and the assessments. This charges a conscious fraud, actionable in equity. Faulkner v.Wassmer, 77 N.J. Eq. 537. Relief for fraud, unaccompanied by deceit, is exclusively equity's jurisdiction to grant. Eibel v.Von Fell, 55 N.J. Eq. 670. Were it not for the charge of actual fraud, Gihon v. Morris, 90 N.J. Eq. 230, in principle, would be controlling. There the vendor represented that his title was good when, in fact, it was not. This court found no deceit, but looked upon the representation as an untruthful statement of a fact, and, treating it as an equitable fraud, decreed rescission. The court of errors and appeals said the case was *Page 425 
the ordinary one of a grantor believing that he had a good title when, in fact, his title was defective, and giving the vendee full covenants for title; that relief was erroneously given on the ground of mistake, i.e., mistaken belief of the vendor that he had good title. It also pointed out that the cases relied on (Eibel v. Von Fell, supra; DuBois v. Nugent, 69 N.J. Eq. 145,
and Straus v. Norris, 77 N.J. Eq. 33) did not involve misrepresentations of title; that they were not applicable to cases where the vendor and vendee, recognizing that the title may be defective, gave and took covenants for title which the vendor was to make good, and that in such circumstances the vendee must be content with his rights under the covenants for title and cannot rescind unless he can show that he relied on the representations instead of on the covenants. Here the complainant pleads that he depended upon both the covenants and the representations. In case of actual fraud, where only rescission affords an adequate relief, dependence on both would not defeat recovery for the fraud. It may be difficult as the upper court indicated in Gihon v. Morris, supra, for the vendee to prove that he relied upon the representation and not upon the covenants, but the fact is admitted in the pleadings, and so is the deceit.
The case as made by the bill is not, however, one where the representations relate to title. Here, the allegation is that encumbrances on the title were deceitfully misrepresented. Vice-Chancellor Buchanan, in Schweitzer v. Adami, 110 N.J. Eq. 193,
in a judicial dictum, held, that suspended private rights of way in a public highway do not survive a vacation of the highway. If that is law, the complainant's lots are relieved and he is without cause for action. Be that as it may: The complainant by his bill impliedly concedes that the encumbrances are removable for a price, and in his prayer allows that his damage will be satisfied if the defendants will pay the costs of relieving his lots of the supposed encumbrances. That accorded, rescission is out of the question. Let the complainant suffer the cost and have recourse to his covenants. Let him quiet his title by an appropriate *Page 426 
action and he may look to his covenantor for his outlay. His covenantor, presumably, is responsible. He has an adequate remedy at law. The bill will be dismissed.