This is a motion to strike the bill of complaint for the following reasons: (1) Misjoinder of separate causes of action based upon separate written contracts affecting real estate, by several separate complainants against separate defendants in one bill. (2) Obscurity and uncertainty in pleadings.
The bill of complaint was filed by forty-five complainants against the defendants. Each of the complainants states one separate cause of action against the corporation and one against the president thereof, totaling ninety causes of action in the bill.
Each of the complainants, separately, became a party to a written contract with the defendant Walbrook Park Company to purchase distinct parcels of real estate located at Englewood, Bergen county, New Jersey. The payments for the real estate were to be made in installments. The contracts to purchase were entered into at different periods; they were executed at different intervals, some were two, three and four years apart. It is alleged they were procured by fraud; the bill seeks to rescind them, and the moneys obtained thereunder returned. An inspection of the bill discloses that there is no charge or allegation that the contracts, or agreements, arose out of a "joint enterprise," or out of "the same," or out of a "series of transactions."
The complainant, to sustain the bill, relies to some extent on chancery rules 5 and 23, which, respectively, read as follows:
Chancery rule 5: "All persons claiming an interest in the subject of the action and in obtaining the relief demanded, either jointly, severally, or in the alternative, may join as complainants, except as otherwise herein provided." *Page 82 
"A person entitled to join as complainant, but declining to do so, may be joined as defendant, the reason therefor being stated in the bill of complaint."
Chancery rule 23: "Persons interested in separate causes of action may join as complainants or be joined as defendants, respectively, if the causes of action have a common question oflaw or fact, and arose out of the same transaction or series of
transactions."
The complainants contend that the bill shows that the causes of action therein enumerated have a common question of law or fact, and that they arose out of the same transaction or series of transactions. I am not in accord with those expressed views. There are forty-five separate and distinct written contracts, entered into between forty-five persons, on forty-five separate occasions with the defendant. The argument on the motion disclosed that many of the complainants made payment on account of their contracts for varying lengths of time; some made no payments other than the "down payment;" again, some of the contracts were four years old at the institution of the suit; some were three years old; nine complainants had executed estoppel agreements for valuable consideration; and sixteen of the complainants had executed general releases to the defendant. The circumstances surrounding the formation of each agreement have a bearing on the particular transaction to which it relates; but they can have no bearing whatever upon the other separate acknowledged transactions. At the argument of the motion, counsel for the complainants admitted that the causes of action did not arise out of the "same transaction;" he urged that they arose out of the "same series of transactions." A series of transactions is interpreted to mean "a connected succession." I do not believe it can be seriously maintained, or considered, that the transactions specified in the bill were "a connected succession." They certainly were not; and, therefore, they do not come within the purview of chancery rule 23. A common question of law or
fact warrants a joinder, provided they arose out of the same transaction. The reason being that it is in the interest of economy, saves time, labor and cost of litigation. Springer v.Lawrence, 47 N.J. Eq. 461. *Page 83 
Causes of action either by different complainants, or against different defendants, unrelated in origin, presenting no common question of law or fact, cannot be joined under the present chancery practice as formerly. Miller v. Willett, 71 N.J. Eq. 741.
In this last cited case Chief-Justice Gummere, speaking for the court of errors and appeals, among other things, said:
"The only ground upon which it is contended before us the bill should have been retained is that the court of chancery should have assumed jurisdiction for the purpose of preventing a multiplicity of suits at law. This ground was urged before and considered by the learned vice-chancellor, and declared by him to be without merit, for reasons stated in the opinion which he filed in the court below. We concur in his conclusion, and in the reasons which led him to it. From the allegations of the bill it appears that each one of these complainants (several hundred in number) has a separate and independent claim against the several defendants. The adjudication of the validity of one of them will settle nothing with relation to the others. Each one stands upon its own merits, and against each of them the defendants are entitled to make a separate defense."
Counsel has cited the case of Adams v. Hare (Supreme Courtof Pennsylvania, 1934), 170 Atl. Rep. 868; it was a suit commenced by one hundred and twenty-nine stockholders of a corporation alleging that they were induced to buy stock upon a fraudulent representation contained in a letter setting forth the financial condition of the corporation. In that case the court held:
"The defendants who were served filed affidavits of defense raising the question of improper joinder of parties plaintiff and it seems to us that they are improperly joined. The cause of action set forth in the statement of claim is founded on a duty of care and of disclosure owed to each plaintiff personally, not to a collective group. The plaintiffs are not suing as a corporate body nor could they do so. Each plaintiff is the vendee in a sale in which he claims to have been defrauded and deceived; his cause of action, *Page 84 
if he have one, may be identical with that of other plaintiffs, but it is not common to them all."
The language admirably applies to the instant case. To the same effect is Mason v. Grand Trunk Railway Co., 8 Ont. L. 28; 3Ont. W.R. 810, wherein it is stated:
"The allegation that defendants have been actuated by the same motive in each of a number of similar transactions between them and distinct plaintiffs is not sufficient to constitute the transactions of a "series" within the meaning of Consolidated Rules, rule 185, so as to enable plaintiffs to join in one action."
The Chancery act adopted in 1915 has as its object the liberalization of the practice of joining different causes of action in a single bill. It does not go to the extent of contemplating causes which are unrelated as to true circumstances or subject-matter. Prior to the adoption of this last cited act the filing of a bill similar to that in the instant case could be objected to on the ground of being multifarious; the form of the objection was made by demurrer; the practice is now by motion to strike. Sprague v. West Hudson County Trust Co., 92 N.J. Eq. 639.
It may be observed that even though an objection to a multifarious bill is not made by the defendant, the court for its own protection may refuse to allow an inconsistent and inconvenient joinder to the cause. Rodman v. Manganese SteelCo., 75 N.J. Eq. 295.
Equity possesses the inherent power to consolidate causes that may be conveniently heard together independent of any statutory authority. Burnham v. Dalling, 16 N.J. Eq. 310.
Chancery rule 27 provides:
"Any cause of action which cannot be conveniently heard with other causes of action joined in the same suit may be stricken out."
It clearly appears that in the instant case each of the causes of action involves a different set of facts; different parties executed the contract; none of the parties to the several agreements had any interest in the other agreements; each agreement involves separate and distinct properties; and *Page 85 
all of the agreements were executed at different times. Certainly a decision in one cause of action could, or would, not be decisive of any of the other enumerated causes of action. Each action would have to be considered upon the facts incident to it and, consequently, separately tried.
"Two or more persons having distinct causes of action, although against the same defendant, may not join as plaintiffs in one suit, and it is immaterial that the causes of action arise out of the same transaction or that they are kindred and dependent upon similar facts. So plaintiffs cannot unite in action upon separate and distinct contracts upon which the liability of defendant to them is several." 47 Corp. Jur. 54 § 115.
I shall advise an order granting the motion of the defendants to strike the bill of complaint.