Defendants move to strike the bill which has been filed by Mrs. Rosalie Niemaseck, widow of Bernett A. Niemaseck and residuary devisee and legatee under his will.
The first, second, fifth and sixth causes of action stated in the bill show that testator, June 25th, 1930, caused the Bernett Holding Company to be incorporated and that he was at all times, until his death, the beneficial owner of all of its capital stock. The same day it was incorporated, he conveyed to it lands in Irvington and Newark, and the following year he procured one George Hayes to deed it other property on which testator held a mortgage. In 1932, testator assigned to the company a chattel mortgage which had been made by Kronika Publishing Company. On June 5th, 1934, the testator's *Page 286 
brother, Carl S. Niemaseck, conveyed to the company certain other lands in Newark. The Bernett Holding Company paid no consideration for any of these transfers. On the two conveyances by third parties, the consideration was paid by testator. The transfers were intended by all the parties to vest title in the Holding Company, as trustee, for the sole use and benefit of testator.
Testator, after legal title to the properties was vested in the corporation, disbursed from his personal funds large sums of money for taxes thereon, as well as mortgage interest and other carrying charges. In 1934, he opened a bank account in the name of the corporation and from time to time deposited his personal funds in said account.
Testator died July 20th, 1938, at which time there was standing in his name eight shares of stock of the company. Two other shares were outstanding, one in the name of his sister, Julia C. Niemaseck, and one in the name of his brother, Joseph E. Niemaseck. By his will, testator gave one and one-half shares each to Julia, Joseph, Carl and complainant, and two to his parents for life, remainder in one share to Carl and in the other share to complainant. He appointed as executors Joseph and one Milton Weinik. The legatees other than complainant have taken control of the company and have elected themselves directors and officers thereof.
The corporation not only claims beneficial as well as legal title to the property so transferred to it and denies any debt to testator, but also asserts that testator was indebted to the company at the time of his death, because he used its funds for his personal purposes. The company has filed a claim with the executors for such alleged indebtedness and the executors have allowed, or are about to allow, the claim.
The bill prays that it be decreed that the company held the property above mentioned in trust for testator in his lifetime and that it be directed to convey the lands to his residuary devisee, the complainant, and the chattel mortgage to his executors; that an account be taken of the moneys advanced by testator to or for the benefit of the company and that the *Page 287 
company be decreed to pay to the executors the sum found to be due.
The third count relates to the two shares of stock which were issued to Julia and Joseph Niemaseck in the lifetime of testator. It shows that neither of them paid anything for the stock and that the shares were either never delivered to them or else were delivered to be held by them for the sole use and benefit of testator. Complainant prays that the shares be transferred to the executors as a part of the estate.
Complainant has another theory which finds expression in the fourth cause of action. It is there set up that when testator transferred, or caused to be transferred, the several properties to the corporation, he was contemplating marriage and the conveyances were made with intent that any woman he might marry should have no dower in said lands. The count further charges that prior to his marriage to complainant on August 10th, 1933, and for the purpose of inducing her to marry him, testator represented to her that he owned real estate in New Jersey, and complainant, relying upon such representations and not knowing legal title was in the Holding Company, did marry him. She prays that her right to dower be established. The defendant company argues that this count discloses no cause of action in equity but only a common law action of deceit for damages. This objection may stand over until the final hearing.
The seventh cause of action is quite distinct from the others. It shows that testator from time to time loaned and advanced various sums to Julia, Joseph and Carl, or to other persons for their benefit; that these sums were not repaid; and also that Julia collected rents for him and at the time of his death, held a large sum so collected and which she has not yet turned over. She prays that these three may account and pay their debts to the executors.
The bill shows that the executors refuse to prosecute any of the causes of action alleged in the bill.
I. The first objection to the bill which I need notice is that it does not show that the company holds in trust the property which is the principal subject of the litigation. *Page 288 
"A resulting trust arises where a person makes, or causes to be made, a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein, unless the inference is rebutted or the beneficial interest is otherwise effectively disposed of." 2 Restatement: Trusts §404.
Such is the general principle of which the most common illustration is a conveyance by A to B upon a consideration paid by C. In this class fall the conveyances to the defendant company by Hayes and by Carl S. Niemaseck. But the bill discloses that testator, who paid the consideration, also owned all the capital stock of the company. That circumstance, in my opinion, rebuts any presumption which may be drawn from testator's paying the purchase price. There are two possible inferences to be drawn from the transaction — one that testator intended his company to have absolute title; the other that he desired a bare legal title to vest in his company and equitable title to be his own. The first fulfills the usual purpose of a personal holding company; the second — the split title — has no honest advantages that I perceive. The court should not infer that testator intended equitable title to result in himself. The conveyances and the mortgage assignment from testator himself to the company fall into another class of transactions. If the bill did allege that the deeds expressed a money consideration or declared a use to the grantee, a resulting trust would be negatived. Down v.Down, 80 N.J. Eq. 68. Even without these factors, a gift rather than a trust is presumed, according to eminent authority. 2Restatement: Trusts § 405. And the fact that testator was the sole beneficial stockholder of the grantee corporation clinches the inference that a gift was intended. Fidelity Union TrustCo. v. Roest, 113 N.J. Eq. 368.
But the bill further shows that testator and the company as well as Hayes and Carl S. Niemaseck all intended that title should be vested in the company as trustee for the sole use and benefit of testator. That is a sufficient averment of a trust, overriding whatever presumptions to the contrary may be drawn from the circumstances which I have already discussed. I need not now decide whether in support of the *Page 289 
trust, complainant may prove circumstances tending toward a resulting trust, or may only prove an express trust. Nor is the statute of frauds available to defendants on their motion.Kotok v. Rossi, 94 N.J. Eq. 327.
II. The bill of complaint is framed in part in complainant's own right and in part in right of the executors. Defendants challenge her title to sue for the benefit of the estate. Where there is collusion between the executor and a person having property of the estate in his hands, a legatee may sue such person in equity. Dorsheimer v. Rorback, 23 N.J. Eq. 46, 53.
On the same principle that permits a cestui que trust to maintain actions which the trustee should bring when the latter neglects or refuses to bring them, the next of kin may sue when the administrator neglects or refuses to sue. Buchanan v.Buchanan, 75 N.J. Eq. 274. But defendants argue that the executors were not bound to sue at the request of complainant unless she offered to indemnify them against costs. Smith v.Jones, 89 N.J. Eq. 502. But even if they were not under duty to bring suit themselves unless indemnified, I think complainant may maintain suit in their interest under the circumstances shown in the bill, especially since one of the executors, Joseph Niemaseck, as a stockholder of the company, is interested adversely to the estate. Shearman v. Cameron, 76 N.J. Eq. 426;78 N.J. Eq. 532.
III. Defendants say the bill is multifarious. From of old, the practice in equity in respect to the joinder of parties and of causes of action, has been much more liberal than at law. No rule universally applicable, or precise definition of multifariousness as an abstract proposition was formulated. "Every case must be governed by its own circumstances; and as these are as diversified as the names of the parties, the court must exercise a sound discretion on the subject." Gaines v. Chew,43 U.S. 619, 642; 11 L.Ed. 402, 411. "Indeed the rule with regard to multifariousness, whether arising from the misjoinder of causes of action, or of defendants therein, is not an inflexible rule of practice or procedure, but is a rule founded in general convenience, which rests upon a consideration of what will best promote the administration of justice *Page 290 
without multiplying unnecessary litigation on the one hand, or drawing suitors into needless and unnecessary expenses on the other." Lehigh Valley Railroad Co. v. McFarlan, 31 N.J. Eq. 730,758.
The practice with respect to joinder in equity was further liberalized by the statute and rules of 1915. P.L. 1915 p. 184.
"It is hardly to be doubted that under the statutes and rules now governing the court of chancery, the old-time objection of multifariousness has been substantially done away with." Gierth
v. Fidelity Trust Co., 93 N.J. Eq. 163. In general, a complainant may now join any causes of action (chancery rule 26). This rule, however, applies with full force only to suits where all the complainants and all the defendants are so interested in each cause of action that they would be proper parties if separate bills were filed for the several causes. Where, as in the suit before me, all the parties are not so interested, we must look to rule 23. "Persons interested in separate causes of action may join as complainants or be joined as defendants, respectively, if the causes of action have a common question of law or fact, and arose out of the same transaction or series of transactions. Flexibility is emphasized by rule 27 which authorizes the court to order a separate hearing of, or strike out, any cause of action, as convenience requires.
"This remedial provision [rule 23] which has for its object the simplification of chancery procedure, by uniting in one suit all manner of complaint growing out of the same subject-matter, ought to receive most liberal judicial construction." Rowland v. NewYork Stable Manure Co., 88 N.J. Eq. 168. Vice-Chancellor Leaming in Metropolitan Life Insurance Co. v. N. R. Building Co.,110 N.J. Eq. 316, said that our present rules as to joinder of parties and causes of action were avowedly designed to liberalize the practice in the interest of convenience and justice and that they are characterized by marked flexibility.
Rule 24 reads: *Page 291 
"The transactions referred to in the preceding section include any transaction which grew out of the subject-matter in regard to which the controversy has arisen."
The language used in rules 23 and 24 is not new. The New York code of 1848 permitted the joinder of causes of action "where they all arise out of the same transaction or transactions connected with the same subject of the action." Judge Comstock commented with wise humor that this language was "well chosen for the purpose intended, because it is so obscure and so general as to justify the interpretations which shall be found most convenient and best calculated to promote the ends of justice."New York, c., Railroad Co. v. Schuyler, 17 N.Y. 592, 604. It would be a mistake to attempt to define exactly the terms "transaction" or "series of transactions" or "transaction which grew out of the subject-matter in regard to which the controversy has arisen." The subject of joinder is best left to be dealt with in the discretion of the court to be exercised with regard to convenience and justice under the circumstances of each case. Counsel for defendants call attention to Healey v. WalbrookPark Co., 118 N.J. Eq. 80, in which they say a more restricted view was taken of rule 23. I think not. In that case, forty-five complainants, seeking to set aside forty-five contracts made on forty-five separate occasions with the defendant, joined in one suit. The inconvenience of such mass joinder is obvious.
In the pending bill there are causes of action by complainant under her title as residuary devisee or as dowress against the company in respect to the land, joined with other causes which are prosecuted by complainant as residuary legatee in behalf of the executors against the company in respect to the chattel mortgage and the money advances. Perhaps the executors should here be regarded as substantially the complainants. It is a matter of little consequence whether they are complainants or defendants. Sulken v. United Holding Co., 14 N.J. Mis. R. 275;184 Atl. Rep. 405. The creation by testator of his personal holding company and his supplying it with capital, whether lands, chattels or money, may properly be considered a series of transactions. *Page 292 
The third count relates to the stock which was issued to Julia and Joseph Niemaseck upon the formation of the company. I think it will be more convenient to them as well as to complainant, to have the question of their title litigated in the same suit in which are determined the causes of action already mentioned. Most of the evidence relative to the stock issue will be material to the other aspects of the suit. The joinders thus far considered will be permitted.
The seventh cause of action concerns alleged loans by testator to his two brothers and sister. These transactions, so far as the bill shows, are entirely distinct from the other matters in litigation. The seventh cause will be struck out.
The defendants further object that the bill misjoins claims against Joseph E. Niemaseck as executor and individually, in violation of rule 19. Joseph E. Niemaseck is a necessary party both individually and as executor to a single cause of action, namely the third, in which complainant, in behalf of the estate, seeks to recover from him individually stock of the Bernett Holding Company. In this, as in the other counts wherein Joseph as executor is a defendant, he is joined in that capacity, in order that he and his co-executor may receive whatever is recovered for the estate. No "claim" is made against the defendants as executors; rule 19 does not forbid the joinder.
Defendants say that chancery should refuse relief because the proper tribunal is the orphans court. I know of no proceeding which complainant could institute in the orphans court which would give her even approximately the relief she seeks by her bill.
The last ground advanced for striking the bill is that the statute forbids any action at law or in equity, except for funeral expenses, to be brought against executors within six months after probate, unless by special leave of the court; and forbids, if such leave is given, execution within the same period. R.S. 3:13-5. That section contemplates an action which may diminish the assets of the estate, such as an action for funeral expenses or one in which execution may issue against the executor. The present suit, if successful, will *Page 293 
augment the estate; it is not within the scope of the statute.United Security Life Insurance Co. v. Vandegrift's Adm'r,51 N.J. Eq. 400; Travelers Insurance Co. v. Baker, 111 N.J. Eq. 174.
The motion to dismiss the bill will be denied but the seventh cause of action will be struck for the reasons stated.