The bill seeks the foreclosure of a mortgage executed on or about April 5th, 1923, by the defendant Martinelli to the complainant Jefferson Building and Loan Association. Included in the complaint is a prayer for the reformation of a deed executed by Martinelli, as grantor, to the defendant Charles Haag, as grantee. The bill, among other things, says (paragraphs 6, 7 and 8), that on August 18th, 1924, Martinelli contracted to sell the premises to one Charles Page, who it charges was the agent of Haag. Page assigned the contract of sale to Haag. The contract contained "an assumption of mortgage" provision which is not expressed in the deed dated November 18th, 1924, from Martinelli to Haag. The complainant contends that since Haag under the contract became entitled to the benefits arising therefrom, afortiori, he assumed its obligations in full, including the payment of the mortgage. When the title was conveyed to him, Haag deducted from the purchase, or contract price, the amount due on the complainant's mortgage.
Haag in this proceeding moves to strike the prayer for reformation. He argues that there is no allegation upon which reformation can be predicated.
He also contends that the bill is multifarious and violates rule 60 of Chancery rules; and, therefore, he moves to strike it.
I find that the defendant's objection to the prayer for reformation is based upon sound reasons. To entitle complainant to the relief of reformation, it is required to show that the subject of the inquiry resulted either from a mutual mistake of the parties, or that there was a mistake by one party accompanied by fraudulent knowledge and procurement by the remaining parties in the subject-matter of the transaction. Downs v. JerseyCentral Power and Light Co., 117 N.J. Eq. 138; 174 Atl. Rep. 887;Pom. Eq. Jur. (4th ed.) §§ 870, 1376. The bill lacks the essential allegations upon *Page 497 
which reformation may be based — there is nothing within its confines to indicate that the deed in question is the result of either a mutual mistake by the parties to it, or that there was a unilateral mistake of one party accompanied by fraud on the part of the other. The complainant is a mortgagee and was never a party or privy to the deed sought to be reformed. Its status, as mortgagee, in the circumstances, does not entitle it to the relief of reformation.
Is a mortgagee entitled to the reformation of a deed to which he had never been a party? I am unable to find a case in point in New Jersey. However, 53 Corp. Jur. 979 § 123, considers that subject. It says:
"* * * the holder of a mortgage is not entitled to have a deed between the mortgagor as vendor and another as vendee reformed to have included therein a mortgage assumption clause as provided for in the contract to convey."
My examination of the law discloses that the only state which seems to have passed upon the question of reformation as it here appears is the State of Iowa. The courts of that state heard a suit which seems to be "on all fours" with the instant proceeding — the American Savings Bank v. Bocherding, 201 Iowa 765;208 N.W. Rep. 518. In that cause, a mortgagee filed a petition to reform a deed given by a mortgagor-grantor to a vendee-grantee. The deed stated that the vendee took the property "subject to" the mortgage. The contract of sale under which the deed was executed provided for the assumption of the mortgage by the vendee. The provision was omitted from the deed. The mortgagee sought to procure a reformation of the deed to incorporate the assumption clause. On appeal, the Supreme Court of Iowa held that as a matter of law the mortgagee could not prevail. In the course of its review of the case, it, among other things, said:
"* * * under a written contract between the Bocherdings and Schapman, Schapman bought the land and agreed to assume and pay the mortgage sued on herein, but that, in the deed executed by the Bocherdings to Schapman, Schapman did not agree to assume and pay the aforesaid mortgage, *Page 498 
in accordance with the terms of his contract. * * * The appellee bank prayed that said deed be reformed to express the intent and purpose of the parties as set out in the contract, and further to provide that Schapman assume and pay the bank's mortgage, and then prayed for judgment against Schapman for the amount due thereon. * * *
"On the face of the record it appears that these parties on the execution of the contract made and accepted the deed with a clause in it providing that the vendee took it subject to the mortgage. In the absence of any showing to the contrary, it must be assumed, therefore, that the clause with reference to the assumption of the mortgage was waived and abandoned by the parties in the making and delivering of this deed.
"The appellee bank herein is not basing its right of action on the contract as originally made, but alleges and prays that the deed itself be reformed. The waiver by the vendor and the vendee of this provision of the contract for the assumption and agreement to pay the mortgage is, under the above rule binding upon the mortgagee and it would have no right of action against Schapman under the deed. It of course recognizes the situation when it seeks to have the deed reformed. The bank, therefore, is not in a position to ask reformation of the deed.
"Again it is fundamental law that a deed cannot be reformed, even by a party thereto unless the mistake claimed therein would in some way affect his interest. The right which the bank assumes to exercise herein, if at all comes to it by virtue of the statute above referred to and is a pure gratuity or voluntary gift to the holder of the mortgage for which he gives no consideration whatever. We have announced that rule in Else v.Kennedy, 67 Iowa 376, that: `* * * courts of equity will not assist the grantee in an imperfect conveyance which is not supported by either a valuable or meritorious consideration against either the grantor or his representatives.'
"We have reaffirmed this doctrine in Dolph v. Wortmann,185 Iowa 630. Under this rule, the interest which the appellee bank seeks to claim is, at most, a statutory gift to it, *Page 499 
without any consideration whatever passing from the bank; and the bank is not entitled in equity, therefore, to a reformation of the deed. The District Court, having held otherwise, was in error — reversed."
The application to strike the bill on the ground that it is multifarious and fails to separate the causes of action as provided by rule 60 of the rules of the Court of Chancery will be denied. That objection has to do with a rule which was adopted for the convenience of the court; the issues between the parties are in no way involved in the infringement of the rules. Failure to comply with them is not necessarily fatal to a meritorious cause; it violates no right of the defendant and it imposes no hardship upon him. Gierth v. Fidelity Trust Co., 93 N.J. Eq. 163,115 Atl. Rep. 397; Metropolitan Life Insurance Co. v. N. R. Building Co., 110 N.J. Eq. 316; 159 Atl. Rep. 792; Neiwirth
v. Goldfarb, 112 N.J. Eq. 422; 164 Atl. Rep. 561; Niemaseck v.Bernett Holding Co., Inc., 125 N.J. Eq. 284; 4 Atl. Rep. 2d794.