The story told by the bill of complaint is that Cozy Lake, Inc., was formed for the purpose of selling lots surrounding a body of water known as Cozy Lake, to summer residents desiring to use the lake for recreation purposes and that the sole attraction for the sale of lots to prospective purchasers in the development, was the use of the waters of Cozy Lake. Complainants are five individuals who purchased on five separate dates between 1932 and 1938 from Cozy Lake, Inc., separate tracts of land "together with the right to use in common with others the waters of Cozy Lake for bathing, boating and fishing and the right of ingress and egress to the said waters known as Cozy Lake." The respective deeds for the separate purchases so made described the respective tracts with reference to a filed map showing the proposed development of Cozy Lake, Inc., property, but by inadvertence and without the knowledge of Cozy Lake, Inc., or of the respective grantees, omitted the quoted words.
On or about December 30th, 1937, Cozy Lake, Inc., conveyed to Cozy Lake Estates, Inc., all its property except what it had conveyed to various property owners, which deed expressly reserved to Cozy Lake, Inc., its successors and assigns, the right and privilege to the use of Cozy Lake and roads, in common with Cozy Lake Estates, Inc., and was expressly made subject to the rights, if any, of third persons in and to the lake and roads as shown on the map filed by Cozy Lake, Inc.
The bill charges that Cozy Lake Estates, Inc., acquired its title with actual and constructive notice and knowledge that *Page 238 
complainants had purchased the several tracts conveyed to them with the right to use, in common with others, the waters of Cozy Lake for bathing, boating and fishing and the right of ingress and egress to the waters of the lake.
The bill further charges that complainants were unaware that the clause above quoted had been omitted from their deeds, until 1940 when they learned of it through Cozy Lake Estates, Inc.
The bill names Cozy Lake, Inc., and Cozy Lake Estates, Inc., as defendants and prays that complainants' respective deeds be reformed by adding the above quoted words to the description of the tracts conveyed to them respectively.
The stated grounds of the motion on behalf of Cozy Lake Estates, Inc., to strike the bill are (1) the bill is multifarious, (2) misjoinder of separate causes of action, (3) complainants guilty of laches, (4) the bill discloses no cause of action against the moving defendant. Annexed to the notice of motion is an affidavit purporting to show other and additional facts than those alleged in the bill. The affidavit will be disregarded because determination of the motion must rest solely on the allegations of the bill which, for the purpose of the motion, will be taken as true.
The first and second stated grounds will be considered as one, namely that the bill is multifarious because of misjoinder of separate causes of action. It was stated long ago by our appellate court that the rule with regard to multifariousness is founded on general convenience which rests upon consideration of what will best promote the administration of justice without multiplying litigation on the one hand, or drawing suitors into needless and unnecessary expense on the other (Lehigh ValleyRailroad Co. v. McFarlan, 31 N.J. Eq. 730, 758) and the claim of multifariousness is now regarded with but little favor (Gierth v. Fidelity Trust Co., 93 N.J. Eq. 163) because our present rules of court are designed to liberalize practice and procedure in the interest of convenience and justice and impose on the court the discretionary duty of determining whether in the special circumstances of a given case, separate causes of action shall be heard together, or if subsequently it be found that either should be heard separately, *Page 239 
to so determine. Metropolitan Life Insurance Co. v. N. R.Building Co., 110 N.J. Eq. 316.
It is true that each complainant has a separate cause of action against the moving defendant in the sense that each has a separate deed he seeks to have reformed but the main issues tendered by the bill are whether Cozy Lake, Inc., in making sales of lots in its real estate development actually, or by necessary inference represented to its grantees that each of its conveyances carried with it an easement to the use of the waters of Cozy Lake and the roads leading thereto, and whether the moving defendant had actual or constructive notice of the grantees' rights, and that such issues are not complicated or such that the rights of each complainant as against the moving defendant cannot be heard together conveniently with advantage to the court and without the slightest burden on said defendant. It may be that the moving defendant has a special separate defense to interpose against some or all of the complainants but on the main issues it will interpose a general defense applicable to all complainants. It seems to me that it would be more convenient for the defendant that the main issues which all complainants tender should be heard in one suit rather than that the defendant should be called upon to answer five separate suits, and it certainly will avoid a multiplicity of suits and it does not presently appear that it will inconvenience the court to hear the causes of action together. It will be noted that defendant Cozy Lake, Inc., has not joined in the motion.
The situation here is not so complex as that dealt with by the court in Healey v. Walbrook Park Co., 118 N.J. Eq. 80;affirmed, 120 N.J. Eq. 199, where forty-five complainants sought in one bill to rescind forty-five separate contracts for the purchase of distinct parcels of real estate entered into at different periods, on account of which contracts payments had been made at various times and where some complainants had executed estoppel agreements and others had executed general releases. There the court determined in its discretion that it was inconvenient to consider so many different causes of action in one suit and therefore struck the bill. *Page 240 
The question of laches is premature. The complainants should be given the opportunity to prove the facts on final hearing, including their reason or excuse for the delay in bringing suit, after which the court may determine whether their delay has prejudiced the moving defendant or barred complainants from relief. Le Gendre v. Byrnes, 44 N.J. Eq. 372; Stevenson v.Markley, 72 N.J. Eq. 686; affirmed, 73 N.J. Eq. 731; 536 BroadSt. v. Valco Mortgage Co., 134 N.J. Eq. 224.
As to the fourth ground of motion, it is sufficient to say that the bill states a meritorious cause of action against the moving defendant.
The motion to strike will be denied. *Page 241