This suit is before the court on a motion to strike the bill; and on an order to show cause why a receiver should not be appointed at this time, why complainant should not be allowed a complete examination of the affairs of the defendant corporations, why a master should not be appointed to investigate their affairs, and why they should not be restrained from all except ordinary conduct of their business.
The bill is based on various alleged acts of misconduct by defendants, who are in control of the corporations and who are charged with discriminating in their own favor against the rights of complainant. No claim is made that the corporations are insolvent; in fact, they are sound and prosperous. Some years ago, additional salaries were voted to complainant and to the personal defendants, with the provision *Page 2 
that they were to be considered as outstanding obligations but to be drawn only when in the discretion of the directors it would be advisable, expedient and in the best interest of the corporation to pay the same. Complainant contends that he is entitled to his extra salary, and that he has reason to believe the others have been paying themselves while refusing to pay him. He seeks a discovery to establish the facts on which his recovery would depend, together with restitution of all money improperly diverted.
Defendants ask dismissal of the bill for laches and for multifariousness. I cannot see that laches appear on the face of the bill. Mere delay is not laches, and may be explained, which should be determined on final hearing. Tynan v. Warren,53 N.J. Eq. 313; Sobota v. Shaffer, 105 N.J. Eq. 459. As to multifariousness, such a plea is not now regarded with favor, in view of the present liberal practice and pleading. Gierth v.Fidelity Trust Co., 93 N.J. Eq. 163. The claimed defect in the bill is the prayer for a receiver "under the general equity powers of this court, or according to the Statutes of the State of New Jersey in such case made and provided." Since the statutory provision for a receiver is only for insolvency or stoppage of business, it is clearly not applicable here. To avoid all question, however, complainant has asked that the bill be amended by striking out the reference to the statute, and this being allowed, all question of multifariousness disappears. The motion to strike will be denied.
Complainant has not shown sufficient grounds for the granting at this time of the relief prayed for under the order to show cause. No claim is made that the defendant corporations are insolvent, and it does not seem that there is any danger of irreparable damage pending the final hearing. As to complainant's claim for back salary, it may not be cognizable as a suit in equity, since complainant has apparently made an election by bringing an action at law for the salary claimed. This may not be conclusive, however, and the questions of the effect of the action at law, as well as those of laches and the other issues must be determined at final hearing. *Page 3