ANDREWS, appellant, and STELLE, respondent.

1. A mortgagor, after his equity of redemption is sold, is not a necessary party to a bill for foreclosure.

2. If made a party, and he sets up the defence of usury, he has a right to appeal from a decree against him, because the decree would bar him from setting up the same defence to a suit on the bond.

3. It does not necessarily follow from the right of such defendant to an appeal, that a court of equity would refuse to appropriate the proceeds of the mortgaged premises to the satisfaction of the usurious security, at the instance of a party who has no interest in the fund.

---

The opinion of the Chancellor is reported in 4 *C. E. Green* 410.

*Mr. R. S. Green* and *Mr. Williamson*, for appellant.

*Mr. Ludlow* and *Mr. C. Parker*, for respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

To the bill filed for the foreclosure of a mortgage given to the complainant, Andrews and wife, the mortgagors, set up in their answer two defences : First. That Stelle holds the mortgage in trust for the City Bank of Perth Amboy, an insolvent corporation, and that the receivers of the bank must be parties. Second. Usury.

Before the bill was filed, Andrews' equity of redemption in the whole of the mortgaged premises had been sold, and it is insisted that he cannot, therefore, set up the defence of usury in this case. Andrews, having no interest in the disposition of the mortgaged premises, is not a necessary party to the bill; and if that constituted the test, he would not be in a position to challenge the propriety of the decree. *Vroom* v. *Ditmas,* 4 *Paige* 526; *Cummins* v. *Wire,* 2 *Halst. Ch.* 73; *Brolasky* v. *Miller,* 1 *Stockt.* 807.

But the complainant made him a party and called upon him to answer, and if the decree of the court below is unreversed, it will bar the defence of usury which Andrews might otherwise set up to a suit on the bond, it being a judgment between the same parties with regard to the same subject matter. A decree, sentence, or judgment of a court of competent jurisdiction is conclusive in any future litigation of the same question, between the same parties or those claiming under them. *Gelston* v. *Hoyt,* 1 *Johns. Ch.* 543; *Ehle* v. *Bingham,* 7 *Barb.* 494; *Young* v. *Rummell,* 2 *Hill* 478; *Kingsland* v. *Spalding,* 3 *Barb. Ch.* 341. In *Morris* v. *Floyd,* 5 *Barb. S. C. R.* 130, the mortgagor being sued at law, pleaded usury, but failed to appear at the trial: *held,* that the verdict and judgment against him estopped him from interposing the defence in equity upon foreclosure.

Andrews is, therefore, interested in the decree, and has a right to show that it is wrong, if he can, and escape from the estoppel it will create against him in a future suit.

But it does not necessarily follow that if he could succeed in charging the transaction with the vice of usury, that a court of equity would refuse to apply the proceeds of sale of the mortgaged premises to the discharge of the mortgage, at the instance of a party who has no interest at all in the fund to be appropriated. The burden is on Andrews to establish infirmity in the security. He testifies, from inference rather than from any positive knowledge, that the bank really made the loan to him. In this he is directly contradicted by the complainant, and two witnesses who know all about the contract.

The books of the bank, which are exhibited in support of the appellant, are not of such a character as to be reliable, and do not make it clear that the two memorandum notes, upon which Stelle drew the money which he loaned, have not been paid. The question as to the payment of those notes must be settled between Stelle and the receivers of the bank.

The defence of usury, so far as Stelle can be affected by it, has no better support. It is expressly denied by Stelle and the two Pattersons, and although there are some entries on the bank book which give color to Andrews' statement that he paid something in addition to legal interest for the forbearance of the money, the weight of evidence is against the allegation that Stelle was a party to, or knew of any such vicious agreement.

The only entries upon the books for interest paid are $325, $300, $412.50 and $582.50, amounting to $1620; while the interest endorsed on the bonds, to August 1st, 1863, amounts to $1625, or five dollars more than the aggregate of those sums.

In my opinion, the decree of the Chancellor should be affirmed.

The whole court concurred.