UNITED SECURITY LIFE INSURANCE AND TRUST COMPANY OF PENNSYLVANIA

*v.*

THE ADMINISTRATOR OF CARRIE E. VANDEGRIFT, deceased, et al.

1. While an administrator of a deceased mortgagor is not a necessary party to a suit for the foreclosure of a mortgage on the land of his intestate, he is a proper party.

2. The exemption from suit granted to an administrator by the fifty-seventh section of the Orphans Court act (*Rev. p. 763*), does not extend to a foreclosure suit in which no relief is sought either against the administrator or the estate which he represents.

On demurrer.

*Mr. Lewis Starr,* for the complainant.

*Mr. Charles E. Hendrickson,* for the demurrants.

VAN FLEET, V. C.

The bill in this case was filed to foreclose, by sale, the equity of redemption in the land covered by a mortgage made by Carrie E. Vandegrift to the complainant on the 3d day of June, 1890. The mortgagor died intestate on the 7th day of January, 1893.

Administration on her estate was granted on the 23d day of the same month, and the bill in this case was filed on the 13th day of February following, less than a month after the grant of administration. The administrator was made a party defendant to the suit. While he was not a necessary party, still I think, according to the general current of authority in this state, he is a proper party.

In *Vreeland* v. *Loubat*, *1 Gr. Ch. 104*, and in *Chester* v. *King*, *1 Gr. Ch. 405*, Governor Pennington held that while a mortgagor, who had conveyed his equity of redemption in the mortgaged premises, was not a necessary party to a suit to foreclose the mortgage on the land, he was nevertheless a proper party. And in *Andrews* v. *Steele*, *7 C. E. Gr. 478*, it was held by the court of errors and appeals, speaking by Mr. Justice Van Syckel, that while a mortgagor, whose equity of redemption had been sold away from him, was not a necessary party to a suit to foreclose the mortgage on the land, yet if the complainant made him a party, and he claimed that the mortgage was usurious, to avail himself of that defence he must make it in the foreclosure suit, otherwise he would be concluded by the decree made in that suit, and if a suit should subsequently be brought on his bond, he would be held to be estopped by the decree in the foreclosure suit from setting up that defence. In *Savings Association* v. *Vandervere*, *3 Stock. 382, 383*, Chancellor Williamson intimated, quite plainly, that he thought to a suit to foreclose a mortgage against the heir of the deceased mortgagor, the personal representative of the deceased mortgagor was a necessary party, because he is interested in taking an account of what is due on his intestate's bond; and it is quite apparent that the chancellor would have so declared if the question had been a new one and not settled, in principle at least, by the decision in *Vreeland* v. *Loubat*. But no doubt can be entertained that the interest which such personal representative has in being present when the account is taken of the amount remaining due on his intestate's bond, in order that he may see that all proper credits are given and the sum remaining due is fairly and correctly ascertained, is quite sufficient to make him a proper party. And there is this

advantage to the complainant in making him a party : while no direct or active relief can be awarded against him, he will nevertheless be concluded by the decree as to the amount due, and if a suit at law or other proceeding should afterwards be necessary to recover the whole amount due on the bond, the amount so recoverable will be considered, after the proceeds of sale of the mortgaged premises have been credited, as having been unalterably determined by the decree in the foreclosure suit. *Dorsheimer* v. *Rorback, 8 C. E. Gr. 46, 48; S. C. on appeal, 10 C. E. Gr. 516, 519; Andrews* v. *Steele, supra.*

The administrator has demurred on the ground that the complainant's suit, as to him, was prematurely brought. The foundation of his demurrer is the fifty-seventh section of the Orphans Court act, which, in substance, declares : To enable an administrator to examine into the condition of his intestate's estate and ascertain the amount and value thereof, and the debts to be paid out of the same, no action, either at law or in equity, except for funeral expenses, shall be brought or maintained against him within six months after letters of administration shall have been granted to him, unless upon the suggestion of fraud. *Rev. p. 763.* The complainant by its bill seeks no relief whatever against the administrator. It asks for no personal decree against him, nor for an account of the personal estate of his intestate, nor for any relief against such estate. Its suit, so far as he is concerned, is a pure proceeding *in rem*—against the mortgaged premises alone—and is, in no substantial respect, a suit against him or the estate which he represents.

A grant of administration simply makes the administrator the representative of the intestate in respect to his personal estate. By force of the grant the administrator becomes vested with the title to his intestate's personal estate, but such grant gives him no right whatever to his intestate's land, nor any power or authority over it, except so far as may be necessary to enable him to reap and carry away its annual crops, raised by labor and cultivation, for these by the common law, as between him and the heir, constitute a part of his intestate's personal estate. It may be correctly stated, as an elementary proposition, that a

grant of administration standing alone, and unassociated with an order directing the sale of land for the payment of debts, gives the administrator dominion over his intestate's personal estate and nothing else. His personal estate is the only thing to which his administrator acquires title, or over which he can exercise any power, or in respect to which he is subject to any duty or responsibility. This view of the power and duty of an administrator makes the purpose of the statute, upon which the defendant's demurrer rests, perfectly plain. The statute declares that an administrator shall be exempt from suit for six months from the time his letters are granted, to enable him to examine into the condition of his intestate's estate in order that he may ascertain its value and its liabilities. The plain design of the exemption is to afford him an opportunity to see whether the estate committed to his administration is sufficient to pay the debts of his intestate in full or not, and if it is not, that he may then institute such proceedings as shall secure an equal distribution of the estate among its creditors and prevent one or more of them from acquiring by suit a preference over the others. Hence, it seems to me to be perfectly plain that a suit against an administrator which is not designed to charge or touch the estate committed to his administration, and in which no judgment can be pronounced or decree made which will touch such estate, is within neither the reason or policy of the statute. No exemption from such a suit is granted by the statute. Where the reason of a law ceases, the law itself ceases.

The demurrer must be overruled.