THOMAS W. MCANARNEY, complainant.

*v.*

OTTO A. LEMBECK et al., defendants.

[Decided January 19th, 1925.]

On appeal from the court of chancery.

*Messrs. Hudspeth & Demarest,* for the appellant.

*Messrs. Perkins & Drewen* and *Mr. J. Henry Harrison,*
for the respondents.

PER CURIAM.

The complainant, a stockholder of the New Jersey Re-
frigerating Company, filed a bill in the right of the corpora-
tion to compel two of its officers, Otto Lembeck and Albert
J. O. Allison, to account for and pay over moneys of the
corporation, which it was alleged they had wrongfully ap-
propriated to their own use from time to time during their
respective terms of office. The two defendants filed a joint
answer, in which they admit the receipt of the moneys re-
ferred to in the bill of complaint, but deny a misappropriation
of any part of it by either of them. In addition to this denial
they set out in their answer numerous matters concerning
earlier litigations instituted by various stockholders of the
company, and in which it was involved, the purpose of which
was to interfere with the rights of the defendants as stock-
holders. The answer further set out certain agreements en-
tered into between the members of the corporation for the
purpose of terminating these litigations. There is nothing,
however, in this particular part of the answer indicating that
the litigations referred to, or the agreements, with relation
thereto have any bearing upon the subject-matter of the

present litigation. The defendants also annex to their an-
swer a counter-claim, in which they charge the complainant,
McAnarney, with fraudulently using funds of the corpora-
tion for his own purposes, while a manager of one of its
plants, and pray an accounting therefor.

Upon the filing of the answer a motion was made to strike
out so much of it as followed a denial of a misappropriation
of corporate funds by the defendant, and also to strike out
the counter-claim. This motion was granted. Subsequently,
receivers of the corporation having in the meantime been
appointed, an application was made by the defendants that
the further prosecution of the present litigation be conducted
by the receivers in the place and stead of the complainant.
This application was denied. The present appeal brings up
the order striking out the part of the answer referred to, and
the counter-claim, and also the order refusing to substitute
the receivers in the place of the complainant.

Taking up first the consideration of the latter order. We
have no doubt that the making or refusing of the application
to substitute the receivers was a matter within the discre-
tion of the chancellor. When the suit was begun it was prop-
erly brought by a stockholder in the right of the corporation.
The facts set out in the bill justify the conclusion that an
application by the stockholders to the corporation itself to
institute the litigation would have been unavailing.

The subject-matter of the suit and the suit itself being
within the control of the court of chancery, that tribunal
was entirely justified in the exercise of its discretion in re-
fusing to substitute the receivers in the place of the com-
plainant unless it was made to appear that in the further
prosecution of the suit the complainant would not fully and
fairly represent the corporation and protect its interests.

As to the order striking out a part of the answer and the
counter-claim. The facts set up in the answer which have
been heretofore recited are neither material nor relevant to
the case laid in the bill, i. e., a wrongful appropriation by
the defendants of the funds of the corporation of which they .
were officers; for, assuming their existence, it would not ex-

cuse the act of the defendants in mulcting the corporate treasury, nor would it bar the corporation of its right to compel an accounting by the defendants of the moneys wrongfully abstracted by them. This being so, the portion of the answer now being considered was clearly impertinent, and was properly struck out.

We consider that the striking out of the counter-claim was also clearly right. By force of chancery rule No. 70, a counter-claim is a substitute for a cross-bill, and only those matters which were formerly the proper subject of a crossbill can be set up in a counter-claim. The purpose of a cross-bill is to enable a defendant to make his defense more complete and effectual than it would be if he stood on an answer alone, but the new facts which he may introduce into pending litigation by means thereof are such and such only as it is necessary for the court to have before it in deciding the questions raised in the original suit, so that the court may do full and complete justice to all of the parties in respect to the cause of action on which the complainant rests his right to relief. Testing the validity of the counter-claim by this rule, it is clear that the action of the court of chancery in striking it out was entirely proper, for, assuming the facts set up therein to exist, those facts have no connection with or bearing upon the cause of action against the defendants set out in the bill.

The orders appealed from will each of them be affirmed.

*For affirmance* — THE CHIEF - JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, CLARK, McGLENNON, JJ. 12.

*For reversal*—None.