This bill is by three tenants in common against the fourth for contribution of his share of the expenditures for interest, taxes and maintenance of lands, per his promise. The defendant filed a counter-claim asking for a partition of the lands, and the complainant moves to strike it out.
Under rule 70 of this court, "any matter, being the proper subject of a cross-bill under the existing practice, may be *Page 431 
set up by counter-claim." The rule introduced into our practice the code term "counter-claim" to take the place of its esteemed but old-fashioned ancestor the "cross-bill." The change was purely of terminology, and, as our court of errors and appeals said in McAnarney v. Lembeck, 97 N.J. Eq. 361: "Only those matters which were formerly the proper subject of a cross-bill can be set up in the counter-claim. The purpose of a cross-bill is to enable a defendant to make his defense more complete and effectual than it would be if he stood on his answer alone, but the new facts which he may introduce into pending litigation by means thereof are such and such only as it is necessary for the court to have before it in deciding the questions raised in the original suit, so that the court may do full and complete justice to all the parties in respect to the cause of action on which the complainant rests his right to relief." The right of partition, obviously, is no defense to the default of the defendant in his agreement to contribute towards the upkeep, and does not relieve the defendant from his obligation. If he were to take a decree of partition on his cross-claim he would then simply hold his share in severalty, leaving the debt unpaid; and so, if the secondary prayer for a sale, in case a partition cannot be made, should be granted, the debt could, of course, be deducted from his share of the proceeds, but that would be only a means of satisfaction, not a defense to the complainant's cause for action.
The defendant concedes that his counter-claim could not be maintained when we called the cross-action a cross-bill, but he contends that it is permissible under rule 28, which reads: "Subject to the provisions of other rules herein contained, a defendant may counter-claim or set-off any cause of action against the complainant. He may, and when required by the court shall, issue subpoena against any third party necessary to be brought in; but in the discretion of the court, separate hearings may be ordered; or if the counter-claim cannot be conveniently disposed of in the pending action, the court may strike it out." He intimates that the court of errors and appeals, in deciding the case just cited, overlooked *Page 432 
the rule, and he argues, in effect, that by virtue of its provision any and all unrelated and independent causes of action against the complainant may now be the subject of a counter-claim or set-off. Carried to its extreme that would permit a wife to ask for support in her husband's suit to decree a resulting trust in lands held by her, or allow an action for damages for assault and battery as an offset to a foreclosure suit. The context of the rule does not permit the latitude of construction claimed for it. In terms and in effect it is circumscribed by, consistent with and subject to the provisions of rule 70. The rule invoked, as to counter-claims, was not intended to allow alien issues, nor other than those that could be tendered by a cross-bill to be pleaded, and as to set-offs, only those that may discharge or reduce the complainant's demand. Neither of the rules has the effect of substantially altering the then existing practice.
The counter-claim will be dismissed.