ARTHUR T. VANDERBILT et al., complainants,

*v.*

WALTER A. KIPP et al., defendants.

[Decided January 7th, 1932.]

*Mr. Jerome C. Eisenberg,* for the motion.

*Mr. David J. Ashen,* for the defendant Walter A. Kipp, executor, *contra.*

FIELDER, V. C.

The bill of complaint alleges that the defendant Walter A. Kipp as executor of the will of Rudolph Baker, and other defendants, executed and delivered two bonds and accompanying mortgages and that said bonds and mortgages are now owned by the complainants. It further alleges that thereafter Walter A. Kipp as executor conveyed the mortgaged premises to another, who is now the owner thereof and, without any further statement or allegation as to him, names him as a defendant. The bill prays answer by all defendants; that an account be taken of the amount due on the mortgages; that the defendants, or one of them, be decreed to pay and in default of payment, they be foreclosed of all equity of redemption and the mortgaged lands ordered sold to pay the amount of the decree.

Upon being served with subpœna to answer, the defendant Walter A. Kipp, as executor, filed a paper captioned "answer and disclaimer," which contains nothing except the statements that he does not claim any interest in any of the matters in question in this suit; that he disclaims any and all right, title and interest, legal and equitable, in any and all of said matters; that he is not a necessary party defendant by reason of the fact that prior to the filing of the bill he conveyed the equity of redemption in the lands described in the bill and that he submits the bill should be dismissed against him, with costs.

The complainants pray for no direct relief and seek no personal decree against said defendant, or the estate he represents, not even for costs. So far as he is concerned the complainants' suit is merely a proceeding against the mortgaged premises, except that by making him a defendant he is given notice that as an obligor in the two bonds, he may be liable in a suit at law for a deficiency in case the mortgaged premises do not sell for sufficient to pay the mortgage debt and for the purpose of such notice it was proper to name him as a defendant. He is given the opportunity to deny the execution or delivery of the bonds and mortgages, or to plead payment or any other defense, or to see that a proper account is taken of the amount due on the bonds and mortgages. As a defendant a decree will be binding on him and in the event of suit at law for any deficiency, the decree will be conclusive as to the amount due on the bonds and mortgages as of the date of the decree and the complainants are entitled to choose to name him as a defendant in order to secure the benefit of such a decree. Had he moved for dismissal of the bill as to him on the ground of misjoinder, his motion would be denied because, although not a necessary party defendant, he is a proper party. *Chester* v. *King, 2 N. J. Eq. 405.* He may or may not answer the bill, but if he answers, his answer must go to the merits of the complainants' cause of action. The paper filed by him neither admits nor denies any of complainants' allegations. His statement that he disclaims all interest in the lands sought to be foreclosed does not deny

the complainants' right to maintain their bill and to have an account taken and a decree entered for the amount due them, or that the complainants are entitled to have the mortgaged premises sold. As a proper party to the suit the defendant cannot excuse himself for failure to answer the charges in the bill by saying he has no interest in the suit. Such statement will neither entitle him to dismissal of the bill nor bar the complainants' claim to an accounting and a decree against him thereon. *Isham* v. *Miller, 44 N. J. Eq. 61.*

The complainants' motion to take said defendants' answer and disclaimer from the files will be granted, on the ground that it is a frivolous and obstructive pleading.