The complainant insured the Artales against loss by fire to the extent of $11,000. Loss, under a standard mortgagee clause, was made payable to the Home Building and Loan Association, the holder of a $7,000 mortgage (see form in Selray Investment Co.
v. Massimino, 110 N.J. Eq. 300). There was a fire and an explosion, and, believing them not accidental, the complainant refused to pay any loss to the Artales. Being bound by the standard mortgagee clause in the policy to make good the loss to the mortgagee, regardless of liability to the Artales, the complainant paid the building and loan association the amount of its mortgage and interest, $7,244.67, and took an assignment.
The Artales brought suit in the supreme court and recovered $4,136.63, the amount of loss by fire, and interest, $455.40; total of $4,592.03, besides costs of suit, and under *Page 506 
an execution a levy was made upon the complainant's fund in the hands of the commissioner of banking and insurance. Thereupon the complainant filed its bill setting up that it had given the Artales credit for the amount of the judgment on the mortgage indebtedness and praying that the judgment be satisfied of record. An injunction issued. Three days later the complainant filed its bill to foreclose the mortgage, giving the Artales credit for the amount of the judgment and praying a decree for sale for the balance. The suits should have been brought as one and they have been consolidated.
The Artales claim, in substance, that the mortgage is satisfied; that their loss by fire was in excess of the insurance; that in their suit at law to recover the $11,000 insurance, credit was given the complainant for the $7,244.67 principal, and interest due on the mortgage paid by it to the building and loan association; that the judgment was for the balance of the loss, and that the matter is res adjudicata. In its sixth separate defense in the law action, the complainant set up the mortgagee clause, that, denying liability to the Artales, it had paid the building and loan association $7,244.67 and took an assignment of the mortgage and that "by reason whereof plaintiff's recovery, if any, is necessarily limited to loss sustained in excess of the sums paid to said mortgagee." This, it will be observed, was not a plea of payment of the loss to the mortgagee, as appointee (Martin v. Franklin Fire InsuranceCo., 38 N.J. Law 140), but a disavowal of liability to the insured, and of payment in discharge of an independent liability to the mortgagee. Reed v. Firemen's Insurance Co.,81 N.J. Law 523. It was no defense to the Artales' suit for the full amount of the loss by fire and so the trial judge ruled and left to the jury to determine their loss by fire, and it found their loss to be $4,136.63, exactly the loss by fire, exclusive of loss by explosion, as established by the complainant's witness, Thomas. His appraisal of the loss by fire alone was not controverted. The total loss, including that by explosion, was variously appraised, ranging from $7,000 to $12,000. The trial minutes satisfy that the verdict covered the total loss by fire. We may look behind the record to ascertain *Page 507 
what issues were in fact tried and determined. A judgment at law is res adjudicata in a subsequent suit, between the same parties, for the same cause, of all capable defenses whether pleaded or not (Nagle v. Conard, 96 N.J. Eq. 61) and the record, i.e., the judgment roll (the minutes of the trial are no part of the record) is conclusive. A matter tried and decided is also conclusive in a second suit between the same parties upon a different cause of action (Andrews v. Stelle, 22 N.J. Eq. 478) and in the latter instance the record, plus the minutes, may establish the fact. We are not, however, dealing with a judgment as an estoppel to a second suit for a different cause. The inquiry here is whether the debt due on the complainant's mortgage is to be deemed satisfied by the judgment at law, viz., whether, in the recovery, credit was allowed for the mortgage debt, and the minutes convincingly show that it was not given.
The next question is whether Mr. Lieblich, the attorney for the Artales in the suit at law, and who is a party to the bill, has a lien on the judgment for his compensation in preference to the complainant's right to credit the judgment debt upon its mortgage debt, and to have a cancellation of the judgment. He claims for a reasonable compensation under the Attorney's Lien act. Cum.Supp. Comp. Stat. p. 1805. His lien upon the judgment, as against his client's, is not disputed. In fact, Mr. Lieblich had a contingent retainer, an assignment of $3,500 of the prospective recovery, which, however, he is not pressing.
The complainant's right to the insurance money rests exclusively on the mortgage, to the payment of which the policy was pledged, which, like all collateral security, in equity, passed to it with the assignment of the mortgage debt. Its right of subrogation is not longer involved, if ever it was. That right depended upon the complainant's non-liability to the Artales, and that question is definitely settled by the judgment at law in their favor for $4,136.63. Selray Investment Co. v. Massimino
(Vice-Chancellor Bigelow), supra. That the complainant's responsibility to the mortgagee was only the amount of the loss established by the judgment, that it paid *Page 508 
more and took an assignment of the mortgage, and chose to stand in the shoes of the mortgagor, was its affair. And we are not concerned with the technical set-off, statutory or equitable, as the defendants suppose. The complainant's right is appropriation. The amount due the Artales for loss by fire, established by the judgment, is by the terms of the policy payable to the mortgagee and, collaterally, passed to the complainant by the assignment of the mortgage. The complainant's right of application rests in contract, not in set-off, and we are not interested in the defendants' argument that the complainant cannot set off the mortgage debt until after a deficiency is established by sale of the mortgaged premises.
Now as to priority: The complainant's derivative right is superior in point of time, having been acquired by its assignor, upon making the insurance, and became absolute when the security was diminished by the fire, the extent of which was determined by the verdict of the jury and the judgment that followed. To dethrone the complainant, Mr. Lieblich contends that because through his efforts the judgment was procured and the fund created, he ought to be first compensated. The argument would have force against his client and any one claiming his client's rights, as in cases of set-off (Terney v. Wilson,45 N.J. Law 282; Phillips v. Mackay, 54 N.J. Law 319), or of subrogation to his client's right in the fund produced by his labor (SveaInsurance Co. v. Peckham, 92 Md. 464; Brunetti v. Grandi,89 N.J. Eq. 116), but loses vitality when applied to rights superior to those of his client. The statutory lien given an attorney is upon his client's interest in the judgment, and it is not impressed with primacy and like other liens is acquired subject to existing and known equities. The lien by statute has no peculiar charm and stands on no different footing than a lien by contract, such as Mr. Lieblich took, by asignment, from his clients. See Terney v. Wilson, supra. And Mr. Lieblich was not unmindful of the subordinacy of his retainer when he took the assignment of $3,500 of his client's $11,000 claim. When he undertook the Artales' cause, he knew, for it is written in his assignment, that the complainant had purchased the mortgage *Page 509 
under the subrogation agreement in the policy and he was awake to the fact that any recovery up to the amount of the mortgage debt would not produce a fund, but simply record the measure by which the mortgage debt would be reduced or discharged. He realized that any recovery up to $7,000 would be the complainant's property, applicable to the payment of the mortgage debt and paramount to any rights of his client in the judgment. His retainer was accepted in the hope and expectation of a recovery in excess of the mortgage lien. Having speculated and failed, and, disappointed in his effort, he cannot horn in upon the sedimental recovery. He must look to his client for compensation for bringing about the secondary result — establishing the amount of credit on the mortgage.
To the extent that he otherwise would have a lien on the judgment, Mr. Lieblich may have a lien on the proceeds of the sale of the mortgaged premises subordinate to the balance due the complainant. The amount of his lien will be fixed if the occasion arises and on notice to his client.
Mr. Lieblich is entitled to the taxed costs. Costs are awarded the client, but they belong to the attorney. Phillips v.Mackay, supra.
The mortgage is due. The Artales defaulted in the payment of interest far beyond the stipulated time and complainant has exercised its option to declare the principal due.
There will be a decree for the principal of the mortgage debt and interest, less the judgment debt. The judgment will be decreed to be satisfied and an injunction will issue restraining its further prosecution, except for the costs due the attorney. *Page 510