The bill, in the ordinary form to foreclose a building and loan association mortgage, discloses that the mortgage, upon property in Long Branch, was executed June 10th, 1926, by the D. D. Realty Company, Incorporated, to the complainant to secure the bond of the company, Fred Nieburg, Emanuel Kramer, Harry Davis, Joseph Davis and five others, for $75,000, to be paid in monthly installments in the manner of such mortgages. The bond and the mortgage contain acceleration clauses, that if installments of dues or interest fall in arrears three months, the principal shall become due at the option of the complainant. The mortgaged premises were successively conveyed four times subject to the mortgage and in the fourth and last conveyance, May 1st, 1929, to Ocean Pier Realty Corporation, that corporation assumed the payment of the mortgage. On August 13th, 1932, the Ocean Pier Realty Corporation and three individuals, bound themselves to "make payment on account of complainant's mortgage in the same manner as payment of dues, interest, penalties, c., are provided for by the constitution and bylaws of complainant association," to induce the complainant to withdraw its suit to foreclose the mortgage, then recently commenced. The suit was discontinued. More than three months' dues and interest are in arrears, and the Ocean Pier Realty Corporation and the three individuals also defaulted in their agreement. The prayer is for an accounting, a sale to make the money found due and a foreclosure of the equity of redemption.
Though the mortgagor, the D. D. Realty Company, Incorporated, parted with the title, it and the nine bondsmen are joined as party defendants. They are proper parties for discovery, but not for relief. They are also proper parties under the statute as notices. P.L. 1932 p. 509. The four bondsmen above named answer and counter-claim that the agreement of August 13th, 1932, by the complainant with the Ocean Pier Realty Corporation et al., was a novation, relieving them from liability on their bond; they also plead that thereby (by discontinuing the foreclosure suit) the time *Page 582 
for the payment of the debt was extended and consequently they were discharged from their obligation on the bond. The prayer of the counter-claim is that they be decreed to be absolved. The motion is to strike the answer and counter-claim.
Assuming that the agreement of August 13th, 1932, had the effect of absolving the defendants from their obligation on the bond, it affords no defense to foreclosure; the mortgage debt remains unpaid, the mortgage security is unimpaired and the complainant is entitled to a decree. The defense, however, is not interposed to defeat foreclosure. The defendants anticipate a suit at law for deficiency on their bond and feel they must make their defenses here, or else be barred at law by the rule of resadjudicata.
The agreement of August 13th, 1932, was not a novation. It was further security, and the security was personal to the complainant, as was the agreement to extend the time personal to the Ocean Pier Realty Corporation. And for this reason: The assumption of the mortgage by the Ocean Pier Realty Corporation was abortive to create the corporation the primary debtor and the mortgagor and the bondsmen sureties, because the corporation's grantor was not liable for the payment of the debt; he had not, nor had any of the intermediate grantees assumed the mortgage; there was no privity between the corporation and the mortgagor and the bondsmen and consequently no extension of time to a principal debtor to effect the discharge of a surety. Crowell
v. Hospital of St. Barnabas, 27 N.J. Eq. 650; Wise v. Fuller,29 N.J. Eq. 257; Shepherd v. May, 115 U.S. 505. Limited exoneration, as indicated in Reeves v. Cordes, 108 N.J. Eq. 469,
and Prudential Insurance Co. v. Rosenthal, 109 N.J. Eq. 386,
is not pleaded, and, whether maintainable, is not considered. The motion to strike is granted.
If there were merit to the defenses, failure to plead them in this foreclosure suit would not bar them from being pleaded at law in a deficiency suit on the bond because of the rule of resadjudicata. The suit in foreclosure is in rem and, as already indicated, the complainant cannot be denied *Page 583 
a decree because the obligors are no longer bound. Release of an obligor-mortgagor of his liability is not a defense to a suit to foreclose a mortgage given to secure the bond. A former judgment is res adjudicata of all pleadable defenses whether set up or not; it is also a bar to a second suit for a cause of action or defense pleaded, tried and decided in a former action between the same parties. In re Walsh, 80 N.J. Eq. 565; Nagle v. Conard,96 N.J. Eq. 61. It was within the latter application of the doctrine that our court of errors and appeals, in Andrews v.Stelle, 22 N.J. Eq. 478, held that the mortgagor, who had parted with the title to the mortgaged premises, was entitled to appeal, because having pleaded usury and the issue having been decided against him he would be concluded from again setting up the defense in a suit at law upon his bond. Our courts have since held that the amount of the decree in foreclosure is resadjudicata in an action upon the bond for deficiency, the obligor being a party to the foreclosure suit. United SecurityLife Insurance and Trust Co. v. Vandegrift, 51 N.J. Eq. 400;Scull v. Idler, 79 N.J. Eq. 466; Vanderbilt v. Kipp, 110 N.J. Eq. 10; Mutual Savings Fund Harmonia v. Gunne,110 N.J. Law 41. The cases go no further than to hold that only the amount of the decree in foreclosure is conclusive in a suit on the bond. Defenses to liability on the bond are available in an action at law on the bond. Murray v. Pearce, 95 N.J. Law 104, is not to the contrary. There the defendant's liability was not in dispute and Chief-Justice Gummere held that therefore all that was essential to entitle the plaintiff to recover was proof of the decree certifying the debt and of the proceeds realized from its execution.
Defenses of the kind here tendered are purely equitable. They cannot be pleaded at law in a suit on the bond. Hunt v.Gorenberg, 9 N.J. Mis. R. 463; 155 Atl. Rep. 881. If sued at law the obligor would have to appeal to equity for relief. Under the 1932 act, supra, he must be made a party to the foreclosure suit if the complainant intends to pursue him for deficiency. In these circumstances and to avoid circuity and multiplicity of suits, his equitable defenses ought *Page 584 
to be entertained and the counter-claim retained pending the decree of foreclosure and sale, unless the complainant disclaims the right to sue for deficiency. This course will make for greater simplicity, convenience and economy of time and costs.
It is suggested that the obligor's personal liability should be adjudged in the decree of foreclosure in order that, if liable, he may protect himself by bidding at the sale. That may entail undue delay to the complainant's right to his decree in foreclosure to which he is entitled regardless of the obligor's responsibility. It would favor the latter at the expense of the former. An adjudication of liability, undoubtedly, would spur the obligor to bid at the sale, but that incentive to attend does not enter into our policy of enforcing decrees by auction sale, where equality of competitive bidding must be maintained to obtain the highest and best price. As an adjudged debtor the obligor should, in conscience, pay the debt; as a bidder he should be simply one of the many in common.
The motion will prevail.