The bill of complaint seeks foreclosure of a real estate mortgage for $10,000 executed by David Beck to Jefferson *Page 77 
Trust Company. It is in the usual form and alleges the full amount of the mortgage to be due; that after its execution Beck conveyed the mortgaged premises to Henrietta B. Levy and the trust company assigned the mortgage to complainant. Beck is named as a defendant because he is obligor on the bond accompanying the mortgage and the other defendants are Mrs. Levy and her husband. Beck filed the only answer in the cause and therein he admits all material allegations of the bill, including the allegation that the full amount of the mortgage is due, except that he says such amount is subject to a credit or offset (as hereinafter stated), of $9,556.13 and he tenders payment to complainant of the excess in full satisfaction of the mortgage indebtedness. With the answer he filed a counter-claim setting up that the trust company is the true owner of the mortgage and that complainant is its subsidiary and holds the mortgage merely for collection for the trust company. The counter-claim further alleges that the trust company is indebted to Beck in $9,556.13 on deposits maintained by him with the trust company, which sum the trust company refuses to pay him because it is operating under the "Altman act" (P.L. 1933 ch. 27); that complainant's interest in the mortgage is subject to his claim to such sum and he prays that it be set off or credited on the mortgage debt. Complainant's answer to the counter-claim admits that its interest in the mortgage is subject to any proper set-off which Beck may have against the trust company; it admits that the trust company is indebted to Beck on deposits in $8,134.13 and that its failure to pay him is because of prohibiting rules and regulations of the commissioner of banking and insurance made pursuant to the "Altman act" and it denies Beck's right to claim or set-off against complainant or the trust company in this proceeding, the amount of his bank deposits. Issue was joined on the answer and counter-claim and the cause is submitted on the pleadings and the sole question at this time is whether Beck is entitled to set-off against the mortgage such amount as may be due him on deposits with the trust company. *Page 78 
Beck claims the right to counter-claim for his set-off by virtue of the act concerning set-offs. Comp. Stat. p. 4836.
Section 1 provides that if two persons be indebted to each other, such debts may be set off if one shall sue the other and if the defendant fails to set off his debt, he shall be foreclosed from bringing action therefor, and section 5 provides that in suits for foreclosure of mortgages, all just set-offs shall be allowed in ascertaining the amount due on the mortgage, in the same manner and to the same extent as like set-offs are allowed at law. He also relies on section 61 of the Chancery act (Comp.Stat. p. 433) which provides that in all suits where the amount due on any mortgage is in issue, all just set-offs shall be allowed in ascertaining the amount due, in the same manner and to the same extent as the like set-offs are allowed in actions at law.
The set-off statute applies only to cases of mutual indebtedness. Yeskel v. Gross, 105 N.J. Law 308. Here Beck is not indebted to complainant and complainant is not suing him for any debt. This proceeding is in rem wherein the complainant's sole object is to collect a debt out of Mrs. Levy's property, on which property the debt is charged as a lien. Beck is not a necessary party and is named as a defendant merely to give him notice that as obligor on the bond he may be held liable in another suit for a deficiency which may arise on foreclosure sale. P.L. 1933 ch. 82. No personal decree is prayed against him and while the decree sought will be binding on him as to the amount due on the bond, complainant's right to require him personally to pay the decree, is not before the court in this suit; therefore the suit does not involve mutual dealings between Beck and complainant and the set-off statute does not apply. Nor does the cited section of the Chancery act apply, because Beck admits the full amount of the mortgage to be due and that question is not in issue as between him and complainant; his concern is over the amount which he may be called upon in the future to pay on the bond. The claim set up by the answer and counter-claim goes solely to the question whether complainant has the right to look to the land security *Page 79 
for payment of its mortgage debt, or must look to another alleged fund wholly unconnected with the mortgage. Since complainant has invoked the regular process of law for the collection of his debt out of security pledged for that purpose, it is no defense for Beck (who does not owe the debt) to say that complainant should be denied the use of that process because it holds a fund belonging to him which Beck gives it permission to apply on account of the debt. United Security, c., Co. v. Vandergrift,51 N.J. Eq. 400; Usbe B. L. Assn. v. Ocean Pier Realty Co.,112 N.J. Eq. 580; Vanderbilt v. S.W. Holding Co., Ibid. 584;Mann v. Bugbee, 113 N.J. Eq. 434.
Under chancery rule 28 a defendant may counter-claim or set off any cause of action against the complainant but in the discretion of the court separate hearings may be ordered, or if the counter-claim cannot be conveniently disposed of in the pending action, the court may strike it out and under chancery rule 70 only such matter as was the proper subject of a cross-bill under the old practice may be set up by counter-claim; thus a defendant's right to make any and all claims against a complainant the subject of a counter-claim, is limited. The purpose of a cross-bill was to enable a defendant to make his defense to a complainant's cause of action more complete than he could by answer alone, therefore only such facts as are properly defensive to complainant's cause of action can be introduced by counter-claim against complainant. McAnarney v. Lembeck,97 N.J. Eq. 361; Beller v. Fenning, 101 N.J. Eq. 430; Pettit v.Port Newark Bank, 110 N.J. Eq. 324; Yeskel v. Gross, supra.
The answer and counter-claim here seek to establish a set-off against a possible deficiency, but by sale of the mortgage security the full amount of the debt due complainant may be realized and should there be a deficiency, complainant may not proceed against Beck therefor. Defendant's counter-claim that he has a set-off against complainant actually relates to a contingency which may never arise and is not defensive to complainant's prayer that the mortgage security be sold; it presents an issue which cannot conveniently or properly be disposed of in this action. *Page 80 
While in my judgment the answer and counter-claim set up no valid defense to complainant's prayer for a decree for the full amount of its mortgage debt and for sale of the mortgage security in satisfaction thereof, it may be that in case a deficiency should arise and complainant should sue at law therefor, a defense that complainant is not the real owner of the bond and that Beck is entitled to set off his claim against the trust company as against such deficiency, might not be available under the strict rules of law, therefore to protect Beck against such contingency the counter-claim will be retained pending the foreclosure sale for a separate hearing under chancery rule 28, unless the complainant will file a disclaimer of its right to sue for a deficiency. Usbe B. L. Assn. v. Ocean Pier Realty Co.,supra.