The complainant, as trustee, filed a bill for instructions concerning the payment of taxes in default on properties against which it held mortgage participation certificates. It was, by decree of this court, directed to pay the taxes out of the interest and principle payments collected by it on account of such mortgages. The mortgages which were held in trust by the complainant, had been granted by the North Jersey Title Insurance Company. The title company was unable to furnish the amount necessary to pay the taxes in arrears. The decree, among other things contained the following direction:
"That the bill of complaint herein be retained to the end and that the complainant, or any other party in interest may apply to this court for such further relief, orders, instructions anddirections with respect to the subject-matter of the said billand of the trust therein referred to as may from time to time be necessary or expedient, and that such application may be made by any party in interest, as aforesaid, upon at least five days' notice to the solicitors of the parties who have appeared herein or who may subsequently appear herein."
After the entry of the decree, Anthony Vyborny, and two others, who held mortgage participation certificates, through their counsel, Mr. William Harris, filed a petition herein, in which was charged waste, mismanagement, malfeasance, and mala fides
on the part of the North Jersey Title Insurance Company and the Hackensack Trust Company. The petition asked that the Hackensack Trust Company be removed as trustee. The petition further alleges that The Belhall Company holds assets of the North Jersey Title Company "as a dummy," and it asked that a custodial receiver or a statutory receiver be appointed for The Belhall Company. *Page 589 
The petitioners took the position that the bill filed in this cause was retained for all purposes rather than for "thesubject-matter of the said bill and of the trust therein referredto." Of course, it will be observed that the bill was retained for no such purpose; it was retained for the reasons that are expressly stated in the excerpt quoted above and none other. Certainly, a petition seeking the removal of a trustee, and the appointment of a receiver for a corporation, is in no way related to a suit brought by a trustee for instructions from the court. The petitioners, in the instant case, obviously misconceive the object of the bill filed by the complainant, and the instruction in the decree based upon it. The procedure of the petitioners to obtain the relief sought, should have been by bill and subpoena. This court has held that:
"The doctrine of retaining jurisdiction to settle the entire controversy is confined to the determination of rights dependent upon, or at least germane to, the subject-matter and main purpose of the bill; jurisdiction will not be retained to adjust independent controversies between the parties or controversies beyond the scope of that raised by the bill." Workingmen'sBuilding and Loan Association v. Del Vecchio, 8 N.J. Mis. R.563; Shaw v. G.B. Beaumont Co., 88 N.J. Eq. 333.
It may be pointed out that the relief prayed for by the petitioners had previously been granted in this court in an order made by it on June 8th, 1935, on the petition of the North Jersey Title Company, under the amended title of "In the matter of proceedings under the Mortgage Guaranty Corporations Rehabilitation act affecting North Jersey Title Insurance Company." On the date last mentioned, on a petition presented by the North Jersey Title Insurance Company, in the proceedings last entitled, this court, in accordance with the provisions of chapter 3 of laws of 1934, appointed three trustees for the North Jersey Title Insurance Company. The relief in said order granted is ample and complete. Those trustees, appointed under the act last mentioned, have all the powers of receivers appointed through the inherent powers of chancery, separate and apart from legislative enactment, and the legislative act is, in effect, but a confirmation of those inherent powers, in the circumstances. This court cannot *Page 590 
judicially close its eyes to the fact that it has taken jurisdiction over the North Jersey Title Insurance Company pursuant to the provisions of chapter 3 of laws of 1934, and has appointed trustees for that company. Section 2 of the last mentioned act is as follows:
"If, at the time such application be made, there be a cause pending in said court looking toward the general administration of the assets, property, rights, credits and interests of said corporation, the petition may be filed in said cause, and if, the application be granted, the cause shall proceed as if, in the first instance, commenced by a petition filed under the provisions of this act, the jurisdiction of the court relating to the time of the institution of the original proceeding, and if the petition under the provisions of this act be not filed in said cause and the proceedings initiated by petition under the provisions of this act shall be consolidated with like effect."
In view of the circumstances under which the petition was filed herein, it will not be necessary to consider the question raised by the petitioners that the statute deprives this court of power to act except in accordance with its terms.
The provisions of the 1934 act was considered by Vice-Chancellor Bigelow in Kipp v. Fidelity Title and MortgageGuaranty Company of Ridgewood, 116 N.J. Eq. 409. The vice-chancellor there stated that "the statute may be sustained as a valid exercise of the police power to promote the general welfare and especially to protect creditors."
Nowhere in the pleadings in this case of the Hackensack TrustCo. v. William H. Kelly, Commissioner of Banking and Insurance,c., does anything appear which is suggestive of the subject related in the petition filed by the three petitioners.
Vice-Chancellor Backes in Nagle v. Conard, 96 N.J. Eq. 61,
said:
"The principle is authoritatively settled that a decree or judgment on a matter outside of the issues raised by the pleadings is a nullity and is nowhere entitled to the least respect as a judicial sentence."
The court by its decree of June 8th, 1935, reserved the right to grant "further relief * * * with respect to thesubject-matter of the said bill and of the trust therein referredto." The "trust" therein referred to was the trust *Page 591 
of the Hackensack Trust Company, not the trust created as a result of the operations of the North Jersey Title Company and The Belhall Company.
The petition filed by the petitioners was not a pleading. I do not quite understand by what pleading the petitioners could hope to inject the subject-matter of their petition into the suit of the Hackensack Trust Co. v. William Kelly, c. Certainly, the petitioners would have no right to move to amend the bill of complaint filed in the last entitled cause, since they are not complainants; and they would have no right to compel the complainant to adopt a subject-matter with respect to which it did not ask relief in this court. They could not file a cross-bill because it would not be germane to the subject-matter of the original bill. In Pettit v. Port Newark National Bankof Newark, 110 N.J. Eq. 324, Vice-Chancellor Backes said:
"A counter-claim or cross-bill is brought, `* * * either (1) to obtain a discovery of facts in aid of the defense to the original bill, or (2) to obtain full relief to all parties touching the matters of the original bill.' Story Eq. Pl. § 389. `It should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an original independent suit. The cross-bill is auxiliary to the proceeding in the original suit and a dependency upon it. * * * If its purpose bedifferent from this, it is not a cross-bill, though it may have a connection with the said general subject.' Doremus v. Mayor,c., of Paterson, 70 N.J. Eq. 296; McAnarney v. Lembeck, 97 N.J. Eq. 361."
Since the petitioners are not properly in court, because of the procedure adopted by them, I, therefore, have no alternative but to grant the motion of counsel for the complainant, and counsel opposing the petitioner's application, and dismiss the petition. I shall advise an order to this effect.
In view of my declared conclusions, it is not necessary to consider the question of the constitutionality of chapter 3, laws of 1934, raised by Mr. William Harris, counsel for the petitioners. *Page 592