On August 30th, 1912, the defendants Louis Feinstein and Yetta Feinstein, husband and wife, mortgaged property owned by them in the city of Hoboken, New Jersey, with the Jefferson Trust Company in the principal sum of $3,500. They conveyed their interest in the property on November 1st, 1926, to Gustav Stammer and Maria Stammer, husband and wife, and, thereupon, received from the Stammers a second mortgage for $5,700. On April 11th, 1928, the Stammers conveyed the premises to the Stammer Realty Corporation. *Page 189 
The complainant, on February 23d 1933, by virtue of chapter 27, P.L. 1933, amended by chapter 66, P.L. 1933, known as the Altman act, and the regulations prescribed by the commissioner of banking and insurance pursuant thereto, restricted the withdrawal of deposits from the complainant trust company. The trust company continued to operate under such restrictions until September 30th, 1935, when, because of its insolvency, the commissioner of banking and insurance took over its business and its affairs for the purpose of liquidation. On November 9th, 1933, this court assumed jurisdiction of the trust.
Yetta Feinstein, the defendant, had been a depositor in the trust company. When the commissioner of banking and insurance took possession of the trust company, she had on deposit to her sole credit, three savings accounts totaling $37,686.33, and a Christmas club account of $110; these accounts were affected by the imposition of the restrictions on the trust company.
The defendant Louis Feinstein was not a creditor of the trust company.
On October 30th, 1936, the Stammer Realty Corporation conveyed the said premises to the defendant Yetta Feinstein, by way of satisfaction of the second mortgage which had been given to her and her husband, Louis. The date of the conveyance by the Stammer Realty Corporation to Yetta Feinstein was nine days after the commissioner of banking and insurance filed the petition asking this court to assume jurisdiction of the trust, and six days after notice by advertisement was given of such application.
On March 18th, 1937, a decree pro confesso was entered against all the defendants, except Louis and Yetta Feinstein. Louis and Yetta filed a joint answer admitting the material allegations of the bill, excepting that they alleged therein that the mortgage has been paid because the complainant is indebted to Yetta Feinstein in the sum of $3,404.70 for the deposits hereinabove stated. Yetta Feinstein filed, also, a counter-claim in which she sets up the deposits made by her, the assumption of the complainant's affairs by the commissioner *Page 190 
of banking and insurance, and prays that the amount of the deposits be credited on the mortgage debt and that the same be decreed to be fully satisfied.
It may be stated at the outset, that when the banking commissioner, under the statute, takes over the assets of a banking institution, the rights of the general depositors are equal; and, therefore, one general depositor cannot acquire a preference over the rights of any other general depositor.
The Altman act carries the implication that no suit can be brought to recover deposits which are of their nature general. The law seems to be pretty well settled that a general depositor, taking action, after the insolvency of a bank, can recover no more than an equitable share, or right, in the distribution of the assets. The fact that such depositor may have changed his condition subsequent to the time of the adjudication of insolvency of an institution, entitles him to no greater or superior right than he possessed at the time of such adjudication.
It has been held in this state that a debtor of a bank cannot set off against his debt a claim to a deposit, assigned to him after its insolvency. Singac Trust Co. v. Totowa Lumber, c.,Co., 112 N.J. Law 99. Chief-Justice Brogan, speaking for the court of errors and appeals, in this last cited case, said (atp. 102):
"Thus, it is apparent that a mere right to participate prorata, in accordance with the statute, in the amount realized through the liquidation of the assets of the bank, cannot be transmuted into a legal claim, good for the entire amount of the credit transferred, by the assignment of such credit to a debtor of the bank in liquidation, so that such debtor might set it off in full against his debt. A claim in the hands of an assignee in these circumstances has no better standing than it had in the hands of its original owner. The claim cannot be enlarged by the talisman of assignment." Van Wagoner v. Paterson Gas LightCo., 23 N.J. Law 283.
To sustain the contention of Yetta Feinstein that she has a right over the other general depositors of the insolvent institution because of her purchase, or acquisition, of the title *Page 191 
to the said premises, would be establishing a precedent that would be bound to lead, in many instances, to most unfair and inequitable consequences. Midland Corp. v. Levy, 118 N.J. Eq. 76.
The several acts concerning set-offs all provide that just
set-offs should be allowed. 4 Comp. Stat. p. 4836 § 5; 1 Comp.Stat. p. 433 § 61; 2 Comp. Stat. p. 1643 ¶ 66; P.L. 1931 p.343 § 1; 25 A.L.R. 938; 82 A.L.R. 665.
"The general rule is that the right of set-off against an insolvent bank is governed by the state of facts existing at the time of the insolvency and not by conditions created afterward."Singac Trust Co. v. Totowa Lumber, c., Co., supra.
Under the circumstances, I shall advise an order dismissing the counter-claim, and awarding a decree as prayed for in the bill. *Page 192