The petitioners are the executors under the last will and testament of Emma D. Tanenbaum, deceased. Among the assets of her estate was an option for the purchase of certain premises in the city of Newark described in the petition, which option was held by the Fleissner Realty Company. Suit was brought in this court to compel the company to specifically *Page 468 
perform its option and to convey said lands to the decedent's estate, but before final hearing the company agreed to convey the lands pursuant to the terms of the option. Thereupon the defendants, Sadie H. Eisenberg and Morris Eisenberg, entered into an agreement with the remaining heirs-at-law of the decedent by which the Eisenbergs agreed that they would advance the cash required, take title to the premises, and give back a purchase-money mortgage in accordance with the terms of the option and hold the title for the benefit of the heirs-at-law, and also pay the executors the commissions to which they would be entitled upon the settlement of the estate and the final accounting.
Later, a bill of complaint was filed in a cause as above entitled to restrain the defendants from prosecuting certain exceptions to the final account of the executors filed in the Essex county orphans court, and to compel the defendants, Eisenbergs, to specifically perform the terms of their agreement, which resulted in a final decree on February 6th, 1934, decreeing specific performance of the agreement including the payment to the executors of their compensation, and directing that the accounting filed in this court be referred to a master of this court to audit the same and report what allowances should be made to the executors and their counsel. The master's report has not as yet been filed.
The petitioners now allege that on March 26th, 1937, the Eisenbergs formed a corporation known as the Commerce Street Holding Company and conveyed the premises in question to that company "for the purpose of ostensibly stripping themselves of the only assets and property which they then had * * * and for the purpose of hindering, delaying and defrauding the executors herein from collecting ultimately the respective amounts of their commissions and counsel fees, when determined by this court;" and they charge the defendants with fraud and a conspiracy to fraudulently defeat them in the ultimate recovery of their commissions and counsel fees when the same are allowed.
The petitioners pray that the defendants, including the Commerce Street Holding Company, a New Jersey corporation, *Page 469 
be restrained and enjoined from transferring, encumbering or otherwise disposing of their interests in the aforesaid premises, "so that the executors may file plenary or other appropriate proceedings" to set aside said conveyance as fraudulent, and that a receiver be appointed.
The Commerce Street Holding Company, upon being served with an order to show cause was, by leave of the court, permitted to file a special appearance for the sole purpose of objecting to the jurisdiction of the court. The Commerce Street Holding Company was not a party to the original proceedings.
The doctrine of retaining jurisdiction to settle the entire controversy is confined to the determination of rights dependent upon, or at least germane to, the subject-matter and main purpose of the bill of complaint. Jurisdiction will not be retained to adjust independent controversies between the parties or controversies beyond the scope of that raised by the bill. 21C.J. 148.
To assume jurisdiction under this petition would be the substitution of an entirely different case from that made in the original bill of complaint. The original bill was one for specific performance and accounting, while the present petition has for its main purpose the setting aside of an alleged fraudulent conveyance and has no relation whatever to the cause alleged in the original bill. Workingmen's Building and LoanAssociation v. Del Vecchio, 8 N.J. Mis. R. 563; Shaw v. G.B.Beaumont Co., 88 N.J. Eq. 333; Caruso v. Caruso, 101 N.J. Eq. 350; Hackensack Trust Co. v. Kelly, 118 N.J. Eq. 587.
The relief sought must be invoked by an original plenary bill of complaint. Present an order. *Page 470